IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs March 4, 2003

## STATE OF TENNESSEE v. ROBERT J. WILLIAMS

**Appeal from the Circuit Court for Henry County**
**No. 13255     Julian P. Guinn, Judge**

_____

**No. W2002-02366-CCA-R3-CD - Filed April 14, 2003**

_____

The defendant, Robert J. Williams, pled guilty in the Henry County Circuit Court to one count of selling one-half gram or more of cocaine, a Class B felony, and two counts of selling less than one-half gram of cocaine, a Class C felony. As a Range I, standard offender, he received one eight-year sentence and two three-year sentences to be served concurrently as one year in confinement and the remainder in a community corrections program. The defendant appeals, claiming that his sentences are excessive. We affirm the defendant's sentences, but we remand the case for entry of corrected judgments.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed as Modified; Case Remanded**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which DAVID H. WELLES and JAMES CURWOOD WITT, JR., JJ., joined.

Benjamin S. Dempsey, Huntingdon, Tennessee, for the appellant, Robert J. Williams.

Paul G. Summers, Attorney General and Reporter; Braden H. Boucek, Assistant Attorney General; G. Robert Radford, District Attorney General; and Steven L. Garrett, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The record reflects that the defendant sold cocaine to an undercover police officer on March 23, March 27, and May 10, 2001. Nothing more is known about the facts in this case because the defendant did not include the guilty plea hearing transcript in the record on appeal and no witnesses testified at the sentencing hearing. According to the presentence report, the then thirty-five-year-old defendant graduated from high school and worked for sixteen years in the lawn and landscaping business. In the report, the defendant stated that he suffered from ulcers and back problems and that he started using cocaine when he was twenty-eight years old. He stated that he had completed a drug treatment program in 1990 and had not used cocaine since the early 1990's. The report reflects that

the defendant is single and has no children. The report also shows that the defendant has prior convictions for aggravated burglary, sexual battery, misdemeanor theft, possession of drug paraphernalia, and a traffic offense.

Before the sentencing hearing, the defendant requested some form of alternative sentence and filed a list of mitigating factors for the trial court to consider. The defendant requested that the trial court consider the following:

> (1) The defendant's criminal conduct neither caused nor threatened serious bodily injury;
>
> . . . ;
>
> (4) The defendant played a minor role in the commission of the offense;
>
> . . . ;
>
> (11) The defendant, although guilty of a crime, committed the offense under such unusual circumstances that it is unlikely that a sustained intent to violate the law motivated the criminal conduct; [and]
>
> (12) The defendant acted under duress or under the domination of another person, even though the duress or the domination of another person is not sufficient to constitute a defense to the crime[.]

See Tenn. Code Ann. § 40-35-113(1), (4), (11), and (12). At the sentencing hearing, the defendant also noted to the trial court that his pleading guilty had saved the state the expense of going to trial. See Tenn. Code Ann. § 40-35-113(13).

In sentencing the defendant, the trial court noted that the range of punishment for a Range I offender is eight to twelve years for a Class B felony and three to six years for a Class C felony. See Tenn. Code Ann. § 40-35-112(a)(2), (3). The trial court determined that enhancement factor (1), that the "defendant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range," and factor (8), that the "defendant has a previous history of unwillingness to comply with the conditions of a sentence involving release in the community," applied. See Tenn. Code Ann. § 40-35-114(1), (8) (Supp. 2001) (amended 2002).[1] However, the trial court chose not to enhance the defendant's sentences. The trial court stated that

---

[1]The legislature's 2002 amendment to Tenn. Code Ann. § 40-35-114 added as the new enhancement factor (1) that the "offense was an act of terrorism" but changed the existing enhancement factors only in increasing their designating number by one. Thus, former enhancement factor (1) is now enhancement factor (2) and factor (8) is now factor (9).

no mitigating factors applied and sentenced the defendant to concurrent sentences of eight years for the selling one-half gram or more of cocaine conviction and three years for each of the selling less than one-half gram of cocaine convictions. The trial court also ordered that the defendant serve one year of his effective eight-year sentence in confinement with the remainder to be served in a community corrections program.

The defendant claims that he received an excessive sentence. Although his brief cites extensively to statutory and case law regarding sentencing in Tennessee, the only argument he makes in support of his claim is as follows:

> The trial court failed to consider and review on the record Defendant's Mitigating Factors. The trial court erred in sentencing without establishing a sufficient record to reflect evaluation of the required sentencing criteria. Also, the trial court sentenced Defendant excessively, and differently from others similarly charged, each of whom received sentences of 8 years, split to 180 days of confinement. Accordingly, Defendant requests that his case be remanded for re-sentencing.

The state claims that the defendant has waived the issue because his "argument consists of little more than vague conclusory statements." In the alternative, the state claims that the trial court properly sentenced the defendant. We conclude that the defendant is not entitled to relief.

Appellate review of sentencing is de novo on the record with a presumption that the trial court's determinations are correct. Tenn. Code Ann. § 40-35-401(d). As the Sentencing Commission Comments to this section note, the burden is now on the defendant to show that the sentence is improper. This means that if the trial court followed the statutory sentencing procedure, made findings of fact that are adequately supported in the record, and gave due consideration and proper weight to the factors and principles that are relevant to sentencing under the 1989 Sentencing Act, we may not disturb the sentence even if a different result were preferred. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

In conducting our de novo review, we must consider (1) the evidence, if any, received at the trial and sentencing hearing, (2) the presentence report, (3) the principles of sentencing and arguments as to sentencing alternatives, (4) the nature and characteristics of the criminal conduct, (5) any mitigating or statutory enhancement factors, (6) any statement that the defendant made on his own behalf, and (7) the potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, -210; see State v. Ashby, 823 S.W.2d 166, 168 (Tenn. 1991); State v. Moss, 727 S.W.2d 229, 236-37 (Tenn. 1986).

Initially, we note that any evidence presented at the guilty plea hearing should be considered in determining the appropriate sentence. See Tenn. Code Ann.§ 40-35-210(b)(1). However, the defendant has failed to include in the record on appeal a transcript of the guilty plea hearing relating

to his conviction. It is the duty of the defendant to prepare a fair, accurate, and complete record on appeal to enable meaningful appellate review. T.R.A.P. 24. This court has repeatedly held that failure to include the transcript of the guilty plea hearing in the record prohibits the court's conducting a meaningful de novo review of the sentence. Absent the guilty plea hearing, in which facts are presented, we may presume that the defendant's sentences are justified. See, e.g., State v. Keen, 996 S.W.2d 842, 844 (Tenn. Crim. App. 1999). In any event, the record before us supports the trial court's determination.

Without any underlying facts regarding the defendant's convictions in the appellate record, we cannot determine whether the mitigating factors he filed before the sentencing hearing apply in this case. Moreover, although a defendant's saving the state the expense of a trial may be properly applied as a mitigating factor pursuant to Tenn. Code Ann. § 40-35-113(13), in light of his prior criminal convictions, we do not believe the trial court's application of that factor would have reduced the defendant's sentences. Finally, the defendant has presented nothing to support his claim that the trial court sentenced him differently than other defendants convicted of similar crimes.

We note that each judgment of conviction shows that the defendant was sentenced to a term of years in the Department of Correction (DOC) and then shows a community corrections sentence plus one year confinement. A community corrections sentence is meant to be used instead of a sentence to a state penal institution. See Tenn. Code Ann. § 40-36-106(e)(1). The judgments should not reflect sentences to the DOC. Moreover, in the appropriate case, a defendant may be given as much as one year of shock confinement as a condition of a community corrections sentence. See Jimmy D. Johnson, No. 03C01-9602-CC-00062, Blount County (Tenn. Crim. App. Oct. 16, 1997); see also Tenn. Code Ann. § 40-36-302(b). Thus, for the Class B felony, the defendant received an eight-year community corrections sentence consisting of one year in confinement and seven years in a community corrections program. For each Class C felony, he received a three-year community corrections sentence consisting of one year in confinement and two years in a community corrections program.

Based upon the foregoing and the record as a whole, we affirm the sentences imposed by the trial court, but we remand the case for entry of corrected judgments consistent with this opinion.

_____
JOSEPH M. TIPTON, JUDGE

-4-