IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 22, 2003

## STATE OF TENNESSEE v. STEVEN D. TARTER

**Direct Appeal from the Criminal Court for Sullivan County**
**Nos. S45,455-S45,459     R. Jerry Beck, Judge**

_____

**No. E2002-02389-CCA-R3-CD**
**September 24, 2003**
_____

The appellant, Steven D. Tarter, pled guilty in the Sullivan County Criminal Court to multiple offenses and received a total effective sentence of four years incarceration in the Tennessee Department of Correction. On appeal, the appellant challenges the trial court's denial of alternative sentencing. Upon review of the record and the parties' briefs, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court are Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and JOSEPH M. TIPTON, J., joined.

Steven McEwen, Mountain City, Tennessee (on appeal), and Terry L. Jordan, Blountville, Tennessee (at trial and on appeal), for the appellant, Steven D. Tarter.

Paul G. Summers, Attorney General and Reporter; Thomas E. Williams, III, Assistant Attorney General; H. Greeley Wells, Jr., District Attorney General; and Joseph Eugene Perrin, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

### I.  Factual Background

On February 19, 2002, the appellant entered the following guilty pleas:

| Case Number | Count | Offense | Sentence |
|---|---|---|---|
| S45,455 | 2 | Possession of Drug Paraphernalia | Eleven months and twenty-nine days |
| | 3 | Felony Possession of Marijuana | One year |
| S45,456 | 1 | Forgery | Two years |
| | 2 | Forgery | Two years |
| | 3 | Forgery | Two years |
| | 4 | Forgery | Two years |
| | 5 | Forgery | Two years |
| | 6 | Theft over $1,000 | Three years |
| S45,457 | 1 | Criminal Trespass | 30 days |
| S45,458 | 2 | Driving on a Revoked License, 3rd Offense | Eleven months and twenty-nine days |
| S45,459 | 1 | Joyriding | Eleven months and twenty-nine days |

After accepting the guilty pleas and agreed sentences, the trial court ordered that the sentences for both of the counts in case number S45,455 be served concurrently with each other but consecutively to the sentences imposed in case numbers S45,456 through S45,459. The trial court also ordered that the appellant's sentences for all of the counts in case numbers S45,456 through S45,459 to be served concurrently with each other, but consecutively to a sentence the appellant was serving for a probation violation, for a total effective sentence of four years incarceration.[1] At the conclusion of the plea hearing, the trial court set a date for a sentencing hearing which was to be held solely for the purpose of determining whether the appellant would receive probation or some other form of alternative sentencing.

---

[1] The appellant's brief reflects:

> Appellant also entered guilty pleas in Case No. S45460 (second offense possession of marijuana and possession of drug paraphernalia), and Case No. S45461 (sale of less than .5 gram of cocaine, schedule II drug), and received an effective sentence of three (3) years as a Range I offender (this sentence was consecutive to the four [4] year sentence) and was immediately granted probation upon those cases. Appellant has not appealed . . . the sentence[s] in these cases.

The appellant failed to appear in court on the day of his sentencing hearing. The State requested that the trial court hold the sentencing hearing despite the appellant's failure to appear, arguing that the appellant's presentence report "speaks for itself." The trial court complied with the State's suggestion.

The trial court determined that the appellant failed to meet his burden of establishing his suitability for alternative sentencing, specifically noting the appellant's failure to report for the sentencing hearing. Additionally, the court stated that the appellant had a prior record and had served suspended sentences prior to the instant occasion. The trial court acknowledged that the appellant had a juvenile record and remarked that there was "[v]ery little positive" information in the presentence report. The trial court further recognized that the appellant confessed to using crack cocaine prior to his incarceration and that the appellant also self-reported spending approximately $300 to $400 per day on crack cocaine. The trial court noted that the appellant had performed "[r]estaurant type work, which is honorable work, but it appears he's not been real diligent in that." In conclusion, the trial court observed, "It's a totally negative report." Accordingly, the trial court denied the appellant any form of alternative sentencing. On appeal, the appellant argues that the trial court erred by failing to "appropriately render the necessary findings of fact" and by denying alternative sentencing, specifically probation.

## II. Analysis

Appellate review of the length, range or manner of service of a sentence is de novo. See Tenn. Code Ann. § 40-35-401(d) (1997). In conducting its de novo review, this court considers the following factors: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on enhancement and mitigating factors; (6) any statement by the appellant in his own behalf; and (7) the potential for rehabilitation or treatment. See Tenn. Code Ann. §§ 40-35-102 and -103 (1997), -210 (Supp. 2002); see also State v. Ashby, 823 S.W.2d 166, 168 (Tenn. 1991). Because the record in the instant case does not reveal that the trial court affirmatively considered the sentencing principles, this court will review the trial court's determinations de novo without a presumption of correctness. See Tenn. Code Ann. § 40-35-401(d); Ashby, 823 S.W.2d at 169. Regardless, the burden is on the appellant to demonstrate the impropriety of his sentences. See Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments.

Initially, we recognize that an appellant is eligible for probation if the sentence actually imposed is eight years or less. See Tenn. Code Ann. § 40-35-303(a) (1997). Moreover, an appellant must be an especially mitigated or standard offender convicted of a Class C, D, or E felony to be presumed to be a favorable candidate for alternative sentencing. See Tenn. Code Ann. § 40-35-102(6). In the instant case, the appellant is a standard Range I offender convicted of Class D and E felonies; therefore, he is presumed to be a favorable candidate for alternative sentencing. However, this presumption may be rebutted by "evidence to the contrary." See State v. Zeolia, 928 S.W.2d

-3-

457, 461 (Tenn. Crim. App. 1996). The following sentencing considerations, set forth in Tennessee Code Annotated section 40-35-103(1), may constitute "evidence to the contrary":

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
>
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
>
> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

Zeolia, 928 S.W.2d at 461.

In the instant case, the appellant argues that the trial court failed to "appropriately render the necessary findings of fact," specifically complaining that the trial court "did not state how the[] factors weighed upon its sentencing determination." Our review of the record reveals that the trial court noted the appellant's criminal history and previous suspended sentences, repeatedly remarking that the report was "totally negative." From the trial court's remarks, we discern that it found that the appellant had a lengthy history of criminal conduct and measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the appellant. After so finding, the trial court denied the appellant probation. Upon our review of the record, we agree with the trial court.

The appellant was twenty-two years old at the time of the commission of the offenses. In his young, adult life, he had amassed seventeen misdemeanor convictions, including convictions for theft, assault, possession of cocaine, possession of marijuana, resisting arrest, and various driving offenses. Additionally, the appellant possessed a juvenile record of seven offenses. Furthermore, the trial court noted that the appellant confessed to spending between $300 and $400 per day on crack cocaine and to using crack cocaine prior to going to jail. As this court has previously noted, "[a] felon's rehabilitation potential and the risk of repeating criminal conduct are fundamental in determining whether he or she is suited for alternative sentencing." State v. Keen, 996 S.W.2d 842, 844 (Tenn. Crim. App. 1999). Accordingly, we conclude that "[t]his continuing disrespect for the law reflects poorly on [the appellant's] potential for rehabilitation." State v. Henry Christopher Johnson, No. E1999-02501-CCA-R3-CD, 2000 WL 893271, at *2 (Tenn. Crim. App. at Knoxville, July 6, 2000).

Moreover, the appellant was granted a suspended sentence in relation to many of the aforementioned seventeen offenses. Nevertheless, the appellant has continued to violate the laws of our state, indicating his poor potential for rehabilitation. See State v. Jeffrey A. Burns, No. M1999-00873-CCA-R3-CD, 2000 WL 711148, at **3-4 (Tenn. Crim. App. at Nashville, June 2, 2000). Also, we note that the sentences in case numbers S45,456 through S45,459 were ordered to

be served consecutively to a sentence the appellant was serving for a violation of probation, which violation further implicates the appellant's inability to comply with measures less restrictive than confinement. We conclude that the trial court did not err in denying the appellant alternative sentencing.

### III. Conclusion

Based upon the foregoing, we affirm the judgments of the trial court.

_____
NORMA McGEE OGLE, JUDGE