IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 14, 2003

## STATE OF TENNESSEE v. BOBBY BLAIR

**Appeal from the Circuit Court for Humphreys County**
**No. 10153      Robert E. Burch, Judge**

_____

**No. M2002-02376-CCA-R3-CD - Filed December 5, 2003**

_____

The defendant, Bobby Blair, appeals as of right the sentence imposed by the Humphreys County Circuit Court following his plea of nolo contendere to the sale of methamphetamine, a Class B felony.  The trial court sentenced him as a Range I, standard offender to ten years in the Department of Correction consecutive to an effective sixteen-year sentence for prior convictions for manufacturing methamphetamine and felonious possession of methamphetamine.  The defendant contends that the trial court erroneously imposed consecutive sentences.  We affirm the trial court's judgment of conviction.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which DAVID H. WELLES and ALAN E. GLENN, JJ., joined.

William B. Lockert, III, District Public Defender; and Richard D. Taylor, Jr., Assistant District Public Defender, for the appellant, Bobby Blair.

Paul G. Summers, Attorney General and Reporter; Helena Walton Yarbrough, Assistant Attorney General; Dan Mitchum Alsobrooks, District Attorney General; and Lisa Carol Donegan, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

This case arises from the defendant's plea of no contest to the charge of selling methamphetamine on March 23, 2001.  Because the defendant failed to include the guilty plea hearing transcript in the record on appeal, we know nothing of the facts surrounding the offense.  The defendant's presentence report, which was prepared following his 2002 conviction for manufacturing

methamphetamine, a Class B felony,[1] reflects the following prior convictions and dates of conviction: felonious possession of methamphetamine in 1999, theft of property valued under $500 in 1999, driving under the influence of an intoxicant (DUI) in 1995, reckless driving in 1994, and concealing stolen property in 1973. The report also reveals that he was placed on pretrial diversion in 1994 for possession of marijuana. The forty-eight-year-old defendant reported that he began using alcohol and drugs around age sixteen and continued to use them through his July 7, 2001 arrest for manufacturing methamphetamine. When asked about the types of drugs he had used, the defendant replied, "I ain't missed a one."

At the August 28, 2002 sentencing hearing, the trial court noted that the defendant was a Range I, standard offender. It applied enhancement factors (1), that the defendant has a history of criminal convictions or behavior beyond that necessary to establish his range, and (8), that the "defendant has a previous history of unwillingness to comply with the conditions of a sentence involving release in the community." See T.C.A. § 40-35-114(1), (8) (Supp. 2001) (amended 2002).[2] With respect to enhancement factor (1), the trial court relied upon the defendant's convictions for manufacturing methamphetamine, possession of methamphetamine, theft, and DUI, stating that it gave less weight to the DUI conviction. It declined to consider the defendant's convictions for reckless driving or concealing stolen property or the defendant's pretrial diversion for marijuana possession. Finding that no mitigating factors had been raised or proven, the trial court imposed a ten-year sentence. With respect to consecutive sentencing, it concluded that the defendant had an extensive criminal history due not only to the number of prior convictions he possessed but also to the seriousness of those convictions, noting that the defendant had two Class B felonies. It determined that this sentence should run consecutive to the defendant's sentences for his 2001 manufacturing methamphetamine conviction and his 1999 possession of methamphetamine conviction.

Appellate review of sentencing is de novo on the record with a presumption that the trial court's determinations are correct. T.C.A.. § 40-35-401(d), -402(d). As the Sentencing Commission Comments to these sections note, the burden is now on the appealing party to show that the sentencing is improper. This means that if the trial court followed the statutory sentencing procedure, made findings of fact that are adequately supported in the record, and gave due consideration and proper weight to the factors and principles that are relevant to sentencing under the 1989 Sentencing Act, we may not disturb the sentence even if a different result were preferred. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

In conducting our de novo review, we must consider (1) the evidence, if any, received at the trial and sentencing hearing, (2) the presentence report, (3) the principles of sentencing and

---

[1] The sentencing hearing transcript reveals that a new presentence report had not been prepared because the defendant had been incarcerated since the preparation of the presentence report for this earlier conviction.

[2] The legislature's 2002 amendment to T.C.A.. § 40-35-114 added as the new enhancement factor (1) that the "offense was an act of terrorism" but changed the existing enhancement factors only in increasing their designating number by one.

arguments as to sentencing alternatives, (4) the nature and characteristics of the criminal conduct, (5) any mitigating or statutory enhancement factors, (6) any statement that the defendant made on his own behalf, and (7) the potential for rehabilitation or treatment. T.C.A. §§ 40-35-102, -103, -210; see Ashby, 823 S.W.2d at 168; State v. Moss, 727 S.W.2d 229 (Tenn. 1986). Although the defendant pled guilty to the sale of methamphetamine, he did not include in the record on appeal a transcript of the guilty plea hearing at which the convicting evidence would be presented by stipulation or testimony. A guilty plea hearing often provides an important occasion for the state to present its proof, and thus, it is the equivalent of a trial and should be made part of the record on appeal in order to comply with T.C.A. § 40-35-210. The defendant has the responsibility of preparing a record that conveys a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal. T.R.A.P. 24(b). Absent the guilty plea hearing, in which facts are presented, we may presume that the trial court was justified in imposing the present sentence. See State v. Keen, 996 S.W.2d 842, 844 (Tenn. Crim. App. 1999). Nevertheless, in the present case, we believe the evidence presented at the sentencing hearing provides sufficient facts about the defendant's prior criminal record for us to examine on the present record the propriety of the defendant receiving a consecutive sentence.

The defendant contends that imposition of a consecutive sentence based upon a defendant's extensive criminal record violates due process of law because neither the code nor the case law provides a defendant with notice of the minimum number, nature, or severity of the offenses that the state must prove. He compares his case to that of State v. James Emmett Moses, Jr., No. W1999-01509-CCA-R3-CD, Lauderdale County (Tenn. Crim. App. Mar. 7, 2000), app. denied (Tenn. Nov. 18, 2000), in which the trial court found the defendant's record of five felonies and five misdemeanors to be extensive. The defendant argues that his criminal record is considerably less than that of the defendant in Moses. Finally, he contends that consecutive sentences should not be routinely imposed even for those possessing an extensive criminal record, arguing that sentences must be reasonably related to the severity of the offense and necessary to protect the public from further crimes at the hands of the defendant. See State v. Wilkerson, 905 S.W.2d 933, 938 (Tenn. 1995). In this respect, he asserts that the trial court made no findings with regard to his amenability to rehabilitation. The state contends that the defendant's criminal record, including numerous convictions for serious crimes, justifies the trial court's imposition of consecutive sentencing. We agree with the state.

The sentencing act permits the trial court to impose consecutive sentences if it finds by a preponderance of the evidence that the "defendant is an offender whose record of criminal activity is extensive." T.C.A. § 40-35-115(b)(2). The Sentencing Commission Comments to this section note that -115(b)(1)-(4) were taken from Gray v. State, 538 S.W.2d 391 (Tenn. 1976). A fifth category in Gray based on the number of the defendant's prior felony convictions was "built into the sentencing structure which enhances the sentence ranges depending on the types and severity of the prior felony convictions." T.C.A. § 40-35-115, Sentencing Commission Comments. Of the categories listed in Gray, only the persistent offender, which is the category that has been incorporated into the sentencing structure, specified a certain minimum number of prior convictions that a defendant must have before the trial court could impose a consecutive sentence. See Gray, 538

S.W.2d at 393 (defining the persistent offender "as one who has previously been convicted of two felonies or of one felony and two misdemeanors committed at different times when he was over eighteen (18) years of age"). The multiple offender on the other hand was defined only as "one whose record of criminal activity is extensive." Id. The supreme court distinguished between these two categories as follows:

> The prior record of the persistent offender will indicate that he is one not likely to be rehabilitated and should be incarcerated under consecutive sentences for the protection of the public. The same may be said for the professional criminal. The prior record of the multiple offender may have been good, but the crimes for which he has been convicted indicate criminal activity so extensive and continuing for such a period of time as to warrant consecutive sentencing.

Id. Although Gray's multiple offender category related to the extensiveness of the convictions for which the defendant was being sentenced, this court has held that -115(b)(2) applies to both the extensive nature of the defendant's present convictions and the defendant's history of criminal activity. State v. Palmer, 10 S.W.3d 638, 648-49 (Tenn. Crim. App. 1999).

The defendant is correct that the act does not define the term "extensive" nor does it specify a certain number or type of convictions necessary before a trial court may impose a consecutive sentence under this provision. Nevertheless, we believe that the plain meaning of the term extensive is sufficient to put a defendant on notice that this provision may apply to his sentence. In interpreting a statute, our role is to give effect to the legislature's intent when enacting the statute. Owens v. State, 908 S.W.2d 923, 926 (Tenn. 1995). In the absence of a statutory definition of the term "extensive," we discern the legislative intent by looking to the plain meaning of the language used. See State v. Walls, 62 S.W.3d 119, 121 (Tenn. 2001). Extensive means "having wide or considerable extent," Merriam Webster's Collegiate Dictionary 411 (10th ed.1996), or "[w]idely extended in space, time, or scope; great or wide or capable of being extended," Black's Law Dictionary 404 (6th ed. 1991). In this respect, we note that the defendant's six convictions, two of which are major felonies, over a period of twenty-nine years is extended in scope. He is a recidivist regarding methamphetamine offenses.

The defendant also argues that the trial court failed to make findings with regard to the Wilkerson factors. Our supreme court has limited the requirement that the trial court make findings regarding the Wilkerson factors to the application of the dangerous offender category, section 40-35-115(b)(4). State v. Lane, 3 S.W.3d 456, 461 (Tenn. 1999). Furthermore, although the defendant argues that the trial court failed to find that he was not amenable to rehabilitation, we believe this finding was inherent in the trial court's consideration of the seriousness of the defendant's convictions, which it found included two Class B felonies. The defendant was placed on community corrections for his 1999 felony conviction for possession of methamphetamine. He violated his community corrections sentence by committing two additional methamphetamine-related offenses. These facts support a finding that he is not amenable to rehabilitation. Additionally, the defendant's

admitted drug use over the course of more than thirty years reflects poorly on his amenability to rehabilitation. The record supports the trial court's imposition of consecutive sentences.

Based upon the foregoing and the record as a whole, we affirm the sentence imposed by the trial court.

_____
JOSEPH M. TIPTON, JUDGE