IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs September 14, 2004

**STATE OF TENNESSEE v. TRACY LYNN FRANKS**

**Direct Appeal from the Circuit Court for Hardin County**
**No. 8290     C. Creed McGinley, Judge**

---

**No. W2004-00076-CCA-R3-CD  - Filed October 26, 2004**

---

The appellant, Tracy Lynn Franks, pled guilty to aggravated assault, felony reckless endangerment, and felony evading arrest.  Pursuant to the plea agreement, the appellant was sentenced to six years in the Tennessee Department of Correction for the aggravated assault conviction and four years each for the reckless endangerment and evading arrest convictions, with the sentences to be served concurrently.  Additionally, the trial court imposed a $500.00 fine for the evading arrest conviction.  On appeal, the appellant argues that the trial court erred in denying him probation.  Upon review of the record and the parties' briefs, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court are Affirmed.**

NORMA McGEE OGLE, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and ALAN E. GLENN, J., joined.

Richard W. DeBerry, Assistant Public Defender, Camden, Tennessee, for the appellant, Tracy Lynn Franks.

Paul G. Summers, Attorney General and Reporter; Rachel E. Willis, Assistant Attorney General; Robert "Gus" Radford, District Attorney General; and John W. Overton, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I.  Factual Background**

At the guilty plea hearing on December 10, 2003, the State recited the facts of the offenses as follows:

> This occurred on July 10th of this year.  The Defendant was seen
> speeding on Pinhook Road.  When the officer attempted to pull him
> over for that, the Defendant took off.  At that time, the officer pursued

him for some period of time. The Defendant was changing lanes all over the road. There were other people on the road. That's why he was charged with reckless endangerment.

The aggravated assault occurred when the Defendant lost control of his vehicle and came to a stop. The officer got out of the vehicle at that time to apprehend the Defendant. The Defendant drove his automobile toward the officer. The officer fired some shots to try to disable the vehicle. The vehicle took off again at that point. Mr. Franks was able to get out of the vehicle at some point and run off and was arrested at some point after that.

After entry of the guilty pleas, the trial court held a sentencing hearing. At sentencing, the State relied upon the presentence report and the facts recited at the plea hearing. Jackie Scott testified on behalf of the appellant. Scott stated that she had been "working in Court" for more than twenty years, and had seen the appellant "off and on all that time." A few days before the appellant committed the instant offenses, he visited Scott at the Jack Gene Shelter for Women. The appellant told Scott that he had a problem with drugs and alcohol that he could not overcome without treatment. Scott advised the appellant that she did not have a place to send him for treatment at that time and suggested he check with her the following week. Shortly thereafter, the appellant committed the instant offenses.

Scott stated that she had spoken with the appellant weekly since he had been in jail. She believed the appellant wanted help with his alcohol and drug problem, and in her opinion he was "salvageable." Scott assured the court that she could make arrangements for the appellant to receive "long-time" treatment.

In denying probation, the trial court noted that the presentence report included more than five pages outlining the appellant's prior criminal history, including at least six prior felonies and numerous misdemeanor convictions. The court ordered the appellant to serve an effective sentence of six years in the Department of Correction but recommended that the appellant be assessed for drug and alcohol treatment "within the system."

## II. Analysis

On appeal, the appellant contends that the trial court erred by denying probation. When an appellant challenges the length, range or manner of service of a sentence, this court conducts a de novo review with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d) (2003). However, this presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In the event that the record fails to demonstrate such consideration, review of the sentence is purely de novo. Id. In conducting our review, this court must consider (1) the evidence, if any, received at trial and at the sentencing

hearing; (2) the presentence report; (3) the principles of sentencing and the arguments of counsel relative to sentencing alternatives; (4) the nature and characteristics of the offense; (5) any mitigating or enhancement factors; (6) any statements made by the appellant on his own behalf; and (7) the appellant's potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, -210 (2003); see also Ashby, 823 S.W.2d at 168. The burden of showing that a sentence was improper is on the appellant. Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments.

Tennessee Code Annotated section 40-35-102(5) provides that only "convicted felons committing the most severe offenses, possessing criminal histories evincing a clear disregard for the laws and morals of society, and evincing failure of past efforts at rehabilitation shall be given first priority regarding sentencing involving incarceration." A defendant who does not fall within this class of offenders and who is "an especially mitigated or standard offender convicted of a Class C, D or E felony is presumed to be a favorable candidate for alternative sentencing options." Tenn. Code Ann. § 40-35-102(6). Furthermore, "[t]he trial court must presume that a defendant sentenced to eight years or less and not an offender for whom incarceration is a priority is subject to alternative sentencing and that a sentence other than incarceration would result in successful rehabilitation." State v. Byrd, 861 S.W.2d 377, 379-80 (Tenn. Crim. App. 1993); see also Tenn. Code Ann. § 40-35-303(a) (2003).

Because the appellant was convicted as a Range II multiple offender, the appellant is not entitled to a presumption of favorable candidacy for alternative sentencing. In any event, considerations for a sentence of confinement can be found in Tennessee Code Annotated section 40-35-103(1), which provides for confinement when:

> (A) [c]onfinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
> (B) [c]onfinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
> (C) [m]easures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

See also State v. Hooper, 29 S.W.3d 1, 5 (Tenn. 2000).

Additionally, the principles of sentencing reflect that the sentence should be no greater than that deserved for the offense committed and should be the least severe measure necessary to achieve the purposes for which the sentence was imposed. Tenn. Code Ann. § 40-35-103(2) and (4). Further, "[t]he potential or lack of potential for the rehabilitation or treatment of the defendant should be considered in determining the sentence alternative or length of a term to be imposed." Tenn. Code Ann. § 40-35-103(5). A defendant with a long history of criminal conduct and "evincing failure of past efforts at rehabilitation" is presumed unsuitable for alternative sentencing. Tenn. Code Ann. § 40-35-102(5).

We conclude that the record in this case amply supports the trial court's denial of probation. As the trial court noted, the appellant has an extensive history of criminal activity. The presentence report reflects that the thirty-four-year-old appellant has at least six prior felony convictions as well as numerous misdemeanor convictions. Additionally, the appellant has a lengthy juvenile record, beginning at the age of twelve. Despite repeated convictions, the appellant has continued to violate the law, proving that he is unable to conform his behavior to comply with the law. As this court has said, "[a] felon's rehabilitation potential and the risk of repeating criminal conduct are fundamental in determining whether he or she is suited for alternative sentencing." State v. Keen, 996 S.W.2d 842, 844 (Tenn. Crim. App. 1999). We find no error in the trial court's denial of probation.

### III. Conclusion

We affirm the trial court's denial of the appellant's request for probation.

_____
NORMA McGEE OGLE, JUDGE