IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs November 16, 2004

## STATE OF TENNESSEE v. GARY ALDEN BOWERS

**Direct Appeal from the Criminal Court for Carter County**
**Nos. S15928, S15986, S16190     Lynn W. Brown, Judge**

---

**No. E2004-00697-CCA-R3-CD - Filed March 14,2005**

---

The appellant, Gary Alden Bowers, pled guilty in the Carter County Criminal Court to three counts of aggravated burglary, one count of burglary, two counts of theft of property over $500, two counts of theft of property under $500, and one count of felony failure to appear. Following a sentencing hearing, the trial court sentenced the appellant to an effective sentence of twenty years incarceration in the Tennessee Department of Correction. On appeal, the appellant challenges the sentences imposed by the trial court in light of the United States Supreme Court's decision in Blakely v. Washington, 542 U.S. __, 124 S. Ct. 2531 (2004). Upon review of the record and the parties' briefs, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court are Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which DAVID H. WELLES and DAVID G. HAYES, JJ., joined.

Robert Y. Oaks, Elizabethton, Tennessee, for the appellant, Gary Alden Bowers.

Paul G. Summers, Attorney General and Reporter; Michelle Chapman McIntire, Assistant Attorney General; Joe Crumley, District Attorney General; and Kenneth C. Baldwin, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

### I.  Factual Background

On May 6, 2002, the Carter County Grand Jury returned a presentment charging the appellant with felony failure to appear, a Class E felony. On September 3, 2002, the grand jury returned an indictment charging the appellant with three counts of aggravated burglary, Class C felonies; two counts of theft of property over $500, Class E felonies; and one count of theft of property under $500, a Class A misdemeanor. On January 6, 2003, the appellant was indicted on one count of burglary, a Class D felony, and one count of theft of property under $500, a Class A misdemeanor.

The appellant subsequently entered guilty pleas on each count as charged in the indictments, with the length and manner of service of the sentences to be determined by the trial court. The record before this court does not include a transcript of the submission hearing, and the transcript of the sentencing hearing does not reflect the factual bases underlying the pleas.

At the sentencing hearing on March 11, 2004, the State informed the trial court that it was relying upon the presentence report. Thereafter, the twenty-three-year-old appellant testified that as a child, he lived with his grandmother and uncle and never knew his father. Although the appellant did not graduate from high school, he obtained a GED. He had previously been employed in landscaping and "laying block."

The appellant conceded that he failed to appear for a probation hearing on prior charges, but claimed that at the time he and his wife, with whom he had a young son, were "having a lot of trouble." The appellant related that he "was on the bond monitoring for the three year sentences," which prevented the couple from spending time together. The appellant subsequently learned that his wife was "cheating," and the couple separated. The appellant testified that upon separating from his wife, he reverted to abusing drugs such as morphine and OxyContin and "it just went down from there."

The appellant testified that in addition to failing to appear for the probation hearing, he failed to report to his probation officer for a scheduled meeting. When the appellant contacted his probation officer to inform him that he would be unable to report because of a lack of transportation, the probation officer "told me I was violated." Thereafter, the appellant left his grandmother's residence to live in a tent on the Appalachian Trial. According to the appellant, being homeless motivated the instant offenses of burglary and theft. He traded stolen items in order to "live" and supply his drug habit. On cross-examination, the appellant stated that after serving the past two years in jail on prior charges, his outlook had changed. The appellant claimed that he wanted the opportunity to be a part of his son's life.

After considering the presentence report, the appellant's testimony, and the arguments of counsel, the trial court sentenced the appellant as a Range II multiple offender to ten years incarceration for the aggravated burglary convictions, eight years for the burglary conviction, four years for the theft of property over $500 convictions, and four years for the felony failure to appear conviction. For each of the convictions of theft of property under $500, the trial court imposed sentences of eleven months and twenty-nine days confinement. The trial court ordered that the sentence for failure to appear be served consecutively to his prior sentences. The trial court further ordered that the first and third counts of aggravated burglary be served consecutively, and the remaining sentences be served concurrently, for a total effective sentence of twenty years incarceration.

The appellant now appeals, arguing that the United States Supreme Court's decision in Blakely v. Washington, 542 U.S. __, 124 S. Ct. 2531 (2004) "requires that this court review th[e]

sentence[s] and reduce the length of each sentence to the minimum within the range and leave in effect the manner of service as set by the [trial] court."[1]

## II. Analysis

As noted, the record before this court does not include a transcript of the guilty plea hearing, and the transcript of the sentencing hearing does not reveal the factual bases underlying the pleas. Generally, a transcript of the guilty plea hearing is necessary to conduct an effective appellate review of sentencing because it allows this court to ascertain the facts and circumstances surrounding the offenses. State v. Keen, 996 S.W.2d 842, 843-44 (Tenn. Crim. App. 1999). In the absence of a transcript of the guilty plea hearing, this court must generally presume that the sentence imposed by the trial court was correct. Id. at 844. However, because the evidence presented at the sentencing hearing provides a sufficient record for review, we will address the merits of the issue raised by the appellant.

When an appellant challenges the length, range, or manner of service of a sentence, it is the duty of this court to conduct a de novo review with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d) (2003). However, this presumption of correctness is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). If the record demonstrates that the trial court failed to consider the sentencing principles and the relevant facts and circumstances, review of the sentence will be purely de novo. Id.

In conducting our review, this court must consider (1) the evidence, if any, received at trial and at the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and the arguments of counsel relative to the sentencing alternatives; (4) the nature and characteristics of the offenses; (5) any mitigating or enhancement factors; (6) any statements made by the appellant on his own behalf; and (7) the appellant's potential for rehabilitation or treatment. Tenn. Code Ann. § 40-35-102, -103, -210 (2003); see also Ashby, 823 S.W.2d at 168. The burden is on the appellant to show that the sentence is improper. Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments.

The appellant was sentenced as a Range II multiple offender, for which the applicable range for Class C felonies is six to ten years, for Class D felonies the applicable range is four to eight years, and for Class E felonies the applicable range is two to four years. Tenn. Code Ann. § 40-35-112(b)(3)-(5) (2003). The presumptive sentence for Class B, C, D, and E felonies is the minimum within the applicable range if there are no enhancement or mitigating factors. Tenn. Code Ann. § 40-35-210(d) (2003). If the trial court finds that such factors do exist, the court must start at the

---

[1] Due to an outburst at the conclusion of the sentencing hearing, the trial court found the appellant in contempt of court. The trial court imposed a fifty dollar fine and sentenced the appellant to ten days confinement to be served consecutively to the instant offenses. The appellant does not challenge this sentence on appeal.

presumptive sentence, enhance the sentence within the range as appropriate for the enhancement factors, and then reduce the sentence within the range as appropriate for the mitigating factors. Tenn. Code Ann. § 40-35-210(e). The authorized sentence for a Class A misdemeanor is a period not greater than eleven months and twenty-nine days. Tenn. Code Ann. § 40-35-111(e)(1) (2003).

In sentencing the appellant, the trial court applied the following enhancement factors:

> (2) The defendant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range;
> (9) The defendant has a previous history of unwillingness to comply with the conditions of a sentence involving release in the community; and
> (14) The felony was committed while on . . . [a]ny other type of release into the community under the direct or indirect supervision of the department of correction or local governmental authority.

Tenn. Code Ann. § 40-35-114 (2003). The trial court afforded great weight to enhancement factors (2) and (9). The trial court considered as a mitigating factor that the appellant's criminal conduct neither caused nor threatened serious bodily injury, but afforded this factor no weight. Tenn. Code Ann. § 40-35-113(1) (2003).

Based upon these findings, the trial court sentenced the appellant on each conviction to the maximum sentence in the range. Relying on the United States Supreme Court decision in Blakely v. Washington, 542 U.S. __, 124 S. Ct. 2531 (2004), the appellant argues on appeal that each of his sentences must be reduced to the minimum within the sentencing range. The appellant does not challenge the manner of service imposed by the trial court.

This court has recognized that Blakely "calls into question the continuing validity of our current sentencing scheme." State v. Julius E. Smith, No. E2003-01059-CCA-R3-CD, 2004 WL 1606998, at *4 (Tenn. Crim. App. at Knoxville, July 19, 2004); see also State v. Michael Wayne Poe, No. E2003-00417-CCA-R3-CD, 2004 WL 1607002, at *9 (Tenn. Crim. App. at Knoxville, July 19, 2004). In Blakely, 542 U.S. at __, 124 S. Ct. at 2537 (citations omitted), the Supreme Court held that

> the "statutory maximum" for Apprendi [v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000)] purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*. In other words, the relevant "statutory maximum" is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings. When a judge inflicts punishment that the jury's verdict alone does not allow, the jury has

-4-

not found all the facts "which the law makes essential to the punishment," and the judge exceeds his proper authority.

As previously noted, the trial court applied enhancement factors (2), (9), and (14) in sentencing the appellant. The application of enhancement factor (2), which is based upon the appellant's prior criminal convictions, does not violate the dictates of Blakely. See Apprendi, 530 U.S. at 490, 120 S. Ct. at 2362-63. Moreover, Blakely indicates the approval of the use of enhancement factors supported by facts "*admitted by the defendant*." Blakely, 542 U.S. at __, 124 S. Ct. at 2537; see also Apprendi, 530 U.S. at 490, 120 S. Ct. at 2362-63. As the State notes, the appellant conceded at the sentencing hearing that he had been released on "bond monitoring" when he failed to appear at the probation hearing. Accordingly, we conclude that the trial court committed no error in applying enhancement factors (2) and (14). However, we conclude that the trial court improperly applied enhancement factor (9), which was not based upon prior convictions or admitted by the appellant. Nevertheless, in light of the great weight afforded enhancement factor (2), we conclude that the record supports the sentences imposed by the trial court.

### III.  Conclusion

Finding no reversible error, we affirm the judgments of the trial court.

_____
NORMA McGEE OGLE, JUDGE

-5-