IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs December 1, 2009

## STATE OF TENNESSEE v. MARQUENTIS JOHNSON

**Direct Appeal from the Circuit Court for Madison County**
No. 05-305    Donald H. Allen, Judge

_____

**No. W2009-01065-CCA-R3-CD  - Filed April 12, 2010**

_____

The defendant, Marquentis Johnson, pleaded guilty on June 20, 2005 to two counts of theft over $1,000, Class D felonies, and one count of theft over $500, a Class E felony, pursuant to a negotiated plea agreement. The trial court sentenced him as a standard offender to four years for each count of theft over $1,000 and two years for theft over $500, to be served concurrently for an effective sentence of four years in Community Corrections. The Circuit Court of Madison County revoked the defendant's community corrections sentence and resentenced him as a standard offender to serve each sentence consecutively, for an effective sentence of ten years, in the Tennessee Department of Correction. On appeal, the defendant challenges the circuit court's imposition of consecutive sentencing. Following our review, we affirm the judgment of the circuit court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J.C. MCLIN, J., delivered the opinion of the court, in which THOMAS T. WOODALL, J., joined and JOHN EVERETT WILLIAMS, J., concurred in results.

George Morton Googe, District Public Defender, and Gregory D. Gookin, Assistant Public Defender, Jackson, Tennessee, for the defendant, Marquentis Johnson.

Robert E. Cooper, Jr., Attorney General and Reporter; Cameron L. Hyder, Assistant Attorney General; Jerry Woodall, District Attorney General; and Shaun A. Brown, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

**Background**

We note at the outset that the guilty plea submission hearing transcript is not included in the appellate record. The following facts are taken from the Board of Probation and Parole Specific Data Report:

> According to the affidavit of complaint, on or about [November 29, 2004], a subject who identified himself as Marquentis Johnson issued two checks on his own account with Bank of America, each for $500 to establish a checking and a savings account with Bancorp South. The following day, this subject withdrew $480.00 from each account for a total of $960.00. Both [of] the Bank of America checks were returned unpaid "refer to maker." It was learned from Bank of America that the account was opened on [November 11, 2004] and closed on [December 7, 2004]. This account had been established with an AmSouth check on the account of Kassandra Pearson and a small amount of cash. Bank of America lost over $1,000.00 on their account. Johnson additionally deposited two Regions Bank checks into his Bancorp account on [November 30, 2004], one was drawn on his own account, the other on the account of Kassandra Pearson. Bancorp lost no money because they put a hold on the funds. Both Regions Bank checks were returned as insufficient funds items.

A Madison County grand jury indicted the defendant on two counts of theft over $1,000, Class D felonies, and one count of theft over $500, a Class E felony. The defendant pleaded guilty to all three counts on June 20, 2005. The plea colloquy is not included in the appellate record, but the affidavit of complaint indicates that the offenses resulted from check kiting. The record reveals that as part of his plea agreement, the defendant agreed to pay costs and restitution and maintain full-time employment or be a full-time student. The circuit court sentenced the defendant as a standard offender to four years for the Class D felonies and two years for the Class E felony, to be served concurrently in Community Corrections.

The circuit court issued a violation of community corrections warrant in November 2007, which alleged that the defendant was delinquent in paying supervision fees, had failed to maintain employment, and had failed to pay tuition to Strayer University, and was therefore not a full-time student. In December 2007, the court amended the warrant to include an allegation that the defendant absconded from supervision because he failed to report for over thirty days. In April 2008, authorities arrested the defendant in Shelby County for theft up to $500. He was found guilty and sentenced to sixteen days in jail. Authorities arrested the defendant on the violation warrant on October 15, 2008. The circuit court held a revocation hearing on December 15, 2008.

At the revocation hearing, the defendant, through counsel, admitted to each allegation in the violation warrant and did not dispute the specific data report listing his convictions,

which the circuit court entered as an exhibit. The defendant told the court that he had been providing information to Shelby County authorities on various crimes and that someone had tried to kill him for refusing to participate in illicit activities. A law enforcement officer from Shelby County corroborated that the defendant provided information in two homicide cases that led to arrests. The defendant also said that he could provide information on gang activity in Madison County. The circuit court deferred resentencing to give the defendant an opportunity to provide information to Madison County authorities.

At the resentencing hearing on March 23, 2009, the state submitted that the information provided by the defendant had not resulted in arrests. The defendant stated that he was not guilty of the theft charges to which he pleaded guilty in 2005. The circuit court continued the resentencing hearing until April 20, 2009. At that time, the court found that the defendant was a standard offender and had a history of criminal convictions, to which the court gave great weight. The court further found that the defendant was on probation in Shelby County when he committed the three theft offenses in Madison County. The court also gave slight weight to the mitigating factor that the offenses did not cause or threaten serious bodily injury. The court then re-sentenced the defendant to four years each for the two Class D felonies and two years for the Class E felony, to be served in the Tennessee Department of Correction. Based on its findings that the defendant committed the offenses while on probation and had an extensive criminal history, the court ordered the defendant to serve the sentences consecutively. The defendant now appeals his sentencing.

## Analysis

The defendant argues that the circuit court erred by imposing consecutive sentences. Specifically, the defendant contends that he does not have an extensive criminal history, but he concedes that he committed the theft offenses while on probation. The state responds that the circuit court properly imposed consecutive sentences because the court need find only one factor under Tennessee Code Annotated § 40-35-115, by a preponderance of the evidence, to order consecutive sentences. We agree with the state.

## I. Standard of Review

This court's review of the sentence imposed by the trial court is *de novo* with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. *State v. Pettus*, 986 S.W.2d 540, 543 (Tenn. 1999). If the trial court fails to comply with the statutory directives, there is no presumption of correctness and our review is *de novo*. *State v. Poole*, 945 S.W.2d 93, 96 (Tenn. 1997).

The burden is upon the appealing party to show that the sentence is improper. Tenn. Code Ann. § 40-35-401(d), Sentencing Commission Comments. In conducting our review, we are required, pursuant to Tennessee Code Annotated section 40-35-210, to consider the following factors in sentencing:

(1) [t]he evidence, if any, received at the trial and the sentencing hearing;

(2) [t]he presentence report;

(3) [t]he principles of sentencing and arguments as to sentencing alternatives;

(4) [t]he nature and characteristics of the criminal conduct involved;

(5) [e]vidence and information offered by the parties on the enhancement and mitigating factors in §§ 40-35-113 and 40-35-114;

(6) [a]ny statistical information provided by the administrative office of the court as to sentencing practices for similar offenses in Tennessee; and

(7) [a]ny statement the defendant wishes to make in the defendant's own behalf about sentencing.

If our review reflects that the trial court followed the statutory sentencing procedure, imposed a lawful sentence after giving due consideration and proper weight to the factors and principles set out under sentencing law, and the trial court's findings of fact are adequately supported by the record, then we may not modify the sentence even if we would have preferred a different result. *State v. Hooper*, 29 S.W.3d 1, 5 (Tenn. 2000).

## II. Consecutive Sentencing

At the outset, we note that our review of the defendant's sentence is hampered because of the defendant's failure to include a transcript of the guilty plea hearing in the record on appeal. In order to conduct proper appellate review, a transcript of the guilty plea hearing is necessary. *See State v. Keen*, 996 S.W.2d 842, 844 (Tenn. Crim. App. 1999). "It is the duty of the [defendant] to prepare a record that conveys a fair, accurate, and complete account of what transpired in the trial court with respect to the issues that form the basis of the appeal." *State v. Robinson*, 73 S.W.3d 136, 154 (Tenn. Crim. App. 2001) (citations omitted); *see also* Tenn. R. App. P. 24(b). However, the record before the court is sufficient to consider the defendant's claim because of the presence of the specific data report.

Generally, it is within the discretion of the trial court to impose consecutive sentences if it finds by a preponderance of the evidence that at least one of following statutory criteria apply:

> (1) [t]he defendant is a professional criminal who has knowingly devoted such defendant's life to criminal acts as a major source of livelihood;
>
> (2) [t]he defendant is an offender whose record of criminal activity is extensive;
>
> (3) [t]he defendant is a dangerous mentally abnormal person so declared by a competent psychiatrist who concludes as a result of an investigation prior to sentencing that the defendant's criminal conduct has been characterized by a pattern of repetitive or compulsive behavior with heedless indifference to consequences;
>
> (4) [t]he defendant is a dangerous offender whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high;
>
> (5) [t]he defendant is convicted of two (2) or more statutory offenses involving sexual abuse of a minor with consideration of the aggravating circumstances arising from the relationship between the defendant and victim or victims, the time span of defendant's undetected sexual activity, the nature and scope of the sexual acts and the extent of the residual, physical and mental damage to the victim or victims;
>
> (6) [t]he defendant is sentenced for an offense committed while on probation; or
>
> (7) [t]he defendant is sentenced for criminal contempt.

Tenn. Code Ann. § 40-35-115(b).

If the court concludes the defendant is a dangerous offender under Tennessee Code Annotated section 40-35-115(b)(4), it must make two further determinations in addition to applying general sentencing principles. *State v. Imfeld*, 70 S.W.3d 698, 708 (Tenn. 2002).

First, it must find an extended sentence is necessary to protect the public from further criminal conduct by the defendant, and, second, it must find consecutive sentencing to be reasonably related to the severity of the offenses. *State v. Wilkerson*, 905 S.W.2d 933, 939 (Tenn. 1995). However, such specific factual findings are unnecessary for the other categories of Tennessee Code Annotated section 40-35-115(b). *State v. Lane*, 3 S.W.3d 456, 461 (Tenn. 1999).

In ordering consecutive sentences, the circuit court found that the defendant was on probation for a theft offense committed in Shelby County when he committed the three theft offenses in Madison County. The defendant does not deny that he was on probation and concedes that this finding alone is sufficient to merit consecutive sentences. Additionally, the circuit court found that the defendant had an extensive criminal history based on ten misdemeanor convictions for various offenses. In determining the overall length of the effective sentence, the court found that the defendant failed to comply with the conditions of a sentence involving release in the community because the defendant absconded from supervision and was convicted of a theft offense in Shelby County.

Based on our review, we conclude that the circuit court did not err in imposing consecutive sentences. The specific data report shows that the Shelby County General Sessions Court convicted the defendant of theft up to $500, and he received a sentence of probation for eleven months, sixteen days. The probation period had not expired when the defendant committed the three theft offenses in Madison County. We conclude that the record supports the circuit court's finding. This finding alone is sufficient to support an imposition of consecutive sentences. *See State v. Black*, 924 S.W.2d 912, 917 (Tenn. Crim. App. 1995). Additionally, the specific data report lists nine misdemeanor offenses committed in Shelby County prior to the theft offenses in Madison County, which supports the circuit court's finding that the defendant has an extensive criminal history. The circuit court was, therefore, within its discretion to impose consecutive sentencing.

A review of the record indicates that the circuit court considered the sentencing principles and the relevant facts and circumstances attendant to the imposition of the defendant's ten-year sentence. In addition, the record supports the court's findings and decision. If our review reveals that the trial court complied with the statutory sentencing procedure, and the court's findings are supported by the record, we cannot disturb the sentence even if we would have preferred a different result. *See State v. Ross*, 49 S.W.3d 833, 847 (Tenn. 2001). Accordingly, the defendant is not entitled to relief on this issue.

**Conclusion**

Based on the foregoing reasons, we affirm the judgment of the circuit court.


_____

J.C. McLIN, JUDGE