IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 30, 2010 at Knoxville

**STATE OF TENNESSEE v. JERRY WAYNE WATSON, JR.**

**Appeal from the Circuit Court for Coffee County
Nos. 36,430 and 36,431    Vanessa Jackson, Judge**

---

**No. M2009-01415-CCA-R3-CD - Filed July 13, 2010**

---

The Defendant, Jerry Wayne Watson, Jr., pled guilty to sale of cocaine in an amount more than .5 grams in case number 36,430 and to sale of cocaine in an amount more than .5 grams in case number 36,431.  Following a sentencing hearing for both cases, the Defendant was sentenced to concurrent sentences of eight years, with 120 days in confinement followed by seven years and eight months on community corrections.  In this appeal as of right, the Defendant contends that the trial court erred in denying full probation.  Following our review, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court are Affirmed.**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and CAMILLE R. MCMULLEN, JJ., joined.

Robert T. Carter, Tullahoma, Tennessee, attorney for appellant, Jerry Wayne Watson, Jr.

Robert E. Cooper, Jr., Attorney General and Reporter; Cameron L. Hyder, Assistant Attorney General; Charles Michael Lane, District Attorney General; and Kenneth J. Shelton, Jr., Assistant District Attorney General, attorneys for appellee, State of Tennessee.

**OPINION**

According to the presentence report, the Defendant sold more than .5 grams of crack cocaine to an undercover officer on December 27, 2006 and December 29, 2006.  The Defendant has a minimal criminal history consisting of traffic offenses and has attended

some college.  The Defendant has a job and is attempting to purchase the home in which he is currently living.  The Defendant admitted that he smoked marijuana from the time he was seventeen years old until he was twenty-one years old.

## ANALYSIS

The Defendant contends that the trial court erred in denying a sentence of full probation because he had no prior criminal history and was a perfect candidate for a probationary sentence.  The State responds that the Defendant has waived review of the denial of probation because he failed to include the transcript of the guilty plea and sentencing hearing in the record on appeal.  If this court determines that the Defendant's issue is not waived, the State responds that the trial court's sentencing decision is supported by the trial court's order denying a probationary sentence.

We first note that the record on appeal does not contain the guilty plea hearing transcript.  The absence of the guilty plea hearing transcript is particularly important because

> [f]or those defendants who plead guilty, the guilty plea hearing is the equivalent of trial, in that it allows the State the opportunity to present the facts underlying the offense.  For this reason, a transcript of the guilty plea hearing is often (if not always) needed in order to conduct a proper review of the sentence imposed.

State v. Keen, 996 S.W.2d 842, 843-44 (Tenn. Crim. App. 1999) (citations omitted).  The transcript of the sentencing hearing is also missing from the record.  Without the sentencing hearing transcript, we are unable to determine whether the trial court considered the necessary sentencing principles in arriving at its sentencing determination.  See Tenn. Code Ann. § 40-35-210; State v. Carter, 254 S.W.3d 335, 344-45 (Tenn. 2008).  It is the Defendant's duty to prepare the record "as is necessary to convey a fair, accurate and complete account of what transpired with respect to those issues which are the bases of appeal."  Tenn. R. App. P. 24(b).  "Where the record is incomplete and does not contain a transcript of the proceedings relevant to an issue presented for review, or portions of the record upon which the party relies, an appellate court is precluded from considering the issue."  State v. Ballard, 855 S.W.2d 557, 560-61 (Tenn. 1993) (citing State v. Roberts, 755 S.W.2d 833, 836 (Tenn. Crim. App. 1988)).  "In the absence of an adequate record on appeal, this court must presume that the trial court's rulings were supported by sufficient evidence."  State v. Oody, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991) (citations omitted).  Accordingly, we affirm the judgment of the trial court.

## CONCLUSION

In consideration of the foregoing and the record as a whole, the judgments of the trial court are affirmed.

_____
D. KELLY THOMAS, JR., JUDGE