IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 29, 2010

## STATE OF TENNESSEE v. RONNIE EDWARD SEXTON

**Appeal from the Criminal Court for Jefferson County**
**No. 9656     O. Duane Slone, Judge**

_____

**No. E2009-00292-CCA-R3-CD - Filed October 6, 2010**

_____

The Defendant, Ronnie Edward Sexton, pled guilty to burglary, a Class E felony, two counts of aggravated assault, a Class C felony, and theft of property valued at less than 500 dollars, a Class A misdemeanor, with sentencing left to the discretion of the trial court. Following a sentencing hearing, the trial court sentenced the Defendant as a Range I, standard offender to two years for the burglary conviction, six years for each aggravated assault conviction, and 11 months and 29 days for the misdemeanor theft conviction. The trial court also found the Defendant qualified as a dangerous offender and ordered consecutive service of one of the aggravated assault convictions, for a total effective sentence of 12 years. In this appeal as of right, the Defendant contends that the trial court erred in its imposition of sentence. The Defendant failed to file a timely notice of appeal. Because we discern no reason to waive the timely filing of the notice of appeal, the appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed.**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and NORMA MCGEE OGLE, J., joined.

Edward Cantrell Miller, District Public Defender; and Russell Veldman, Assistant Public Defender, for the appellant, Ronnie Edward Sexton.

Robert E. Cooper, Attorney General and Reporter; Matthew Bryant Haskell, Assistant Attorney General; James B. Dunn, District Attorney General; and Jeremy D. Ball, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On August 11, 2008, the Defendant pled guilty to burglary, two counts of aggravated

assault, and theft of property valued at less than 500 dollars. Pursuant to the guilty plea, sentencing was left to the trial court's discretion. On October 6, 2008, following a full sentencing hearing, the trial court imposed an effective sentence of 12 years and denied all forms of alternative sentencing. On that day, the Defendant was also sentenced in Case Number 9416, for which he received a total effective sentence of 11 months and 29 days for several misdemeanor convictions. The trial court ordered the Defendant to serve his sentence in Case Number 9416 consecutively to the sentence he received in Case Number 9656. The Defendant did not appeal his sentence in Case Number 9416. However, the Defendant filed a notice of appeal appealing his sentence in Case Number 9656 on February 13, 2009 – almost four months after the entry of judgments.

On appeal, the Defendant challenges the trial court's sentencing determinations as to the lengths of his sentences, manner of imposition, and denial of alternative sentencing. The State asks that the appeal be dismissed for failure to file a timely notice of appeal. Alternatively, the State contends that the Defendant has waived consideration of these issues due to his failure to include a transcript of the guilty plea submission hearing and the presentence report in the record on appeal. In the absence of waiver, the State responds that the trial court correctly sentenced the Defendant. Following our review of the record, we conclude that the interest of justice does not require that we waive the timely filing of the notice of appeal in this case. Accordingly, the appeal is dismissed.

ANALYSIS

Pursuant to Tennessee Rule of Appellate Procedure 4(a), a notice of appeal "shall be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from[.]" The judgments in this case were filed on October 21, 2008; however, the notice of appeal was not filed until February 13, 2009. While we acknowledge that there are certain motions and petitions that toll the time for filing the notice of appeal, the record is devoid of any evidence that the Defendant filed any tolling motions in this case. Tenn. R. App. P. 4(c). In fact, other than a vague reference in the untimely notice of appeal that the "sentencing ruling" was "re-affirmed on January 14, 2009," the record is devoid of any evidence that the trial court reconsidered or re-affirmed its previously imposed sentencing decision. Thus, the notice of appeal in this case should have been filed within thirty days of the filing of the judgments on October 21, 2008.

We acknowledge that the untimely filing of a notice of appeal is not always fatal to an appeal. State v. Rockwell, 280 S.W.3d 212, 214 (Tenn. Crim. App. 2007). Rule 4(a) states that "in all criminal cases the 'notice of appeal' document is not jurisdictional and the filing of such document may be waived in the interest of justice." Tenn. R. App. P. 4(a). "'In determining whether waiver is appropriate, this court will consider the nature of the

issues presented for review, the reasons for and the length of the delay in seeking relief, and any other relevant factors presented in the particular case.'" Rockwell, 280 S.W.3d at 214 (quoting State v. Markettus L. Broyld, No. M2005-00299-CCA-R3-CO, 2005 WL 3543415, at *1 (Tenn. Crim. App. Dec. 27, 2005)). Waiver is not automatic and should only occur when "the interest of justice" mandates waiver. If this court were to summarily grant a waiver whenever confronted with untimely notices, the thirty day requirement of Tennessee Rule of Appellate Procedure 4(a) would be rendered a legal fiction. Id.

The Defendant's brief contains no explanation or discussion regarding the untimely filing of the notice of appeal. We also note that a review of the procedural history of this appeal reveals a much delayed process of both perfecting the record and filing the briefs. Indeed, as noted by the State, the record remains insufficient for adequate review of the sentencing issues raised by the Defendant since it contains neither the guilty plea submission hearing nor the presentence report. The absence of the guilty plea hearing transcript is particularly important because

> For those defendants who plead guilty, the guilty plea hearing is the equivalent of trial, in that it allows the State the opportunity to present the facts underlying the offense. For this reason, a transcript of the guilty plea hearing is often (if not always) needed in order to conduct a proper review of the sentence imposed.

State v. Keen, 996 S.W.2d 842, 843-44 (Tenn. Crim. App. 1999). Following the filing of the State's brief noting these procedural shortfalls, the Defendant did not seek either to supplement the record or to waive the timely filing of the notice of appeal. All of these factors weigh heavily against waiver of the timely filing of the notice of appeal in this case. For these reasons, we conclude that the interest of justice does not require a waiver of the timely filing of the notice of appeal. Accordingly, the Defendant's appeal is dismissed as untimely.

CONCLUSION

Having concluded that the interest of justice does not require a waiver of the timely filing of the notice of appeal, the appeal is dismissed.

_____
D. KELLY THOMAS, JR., JUDGE