IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs September 14, 2010

## STATE OF TENNESSEE v. ANDRE JABBAR JOHNSON

**Direct Appeal from the Circuit Court for Madison County**
**No. 09-204      Donald H. Allen, Judge**

————

**No. W2009-02366-CCA-R3-CD  - Filed November 17, 2010**

————

A trial jury found the defendant, Andre Jabbar Johnson, guilty of resisting arrest, a Class B misdemeanor.  The trial court sentenced the defendant to six months in the county jail, with a release eligibility of 75%.  On appeal, the defendant contends that his sentence is excessive because the trial court failed to properly weigh the mitigation factors against the enhancement factors.  Following our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J.C. MCLIN, J., delivered the opinion of the court, in which ALAN E. GLENN and D. KELLY THOMAS, JR., JJ., joined.

J. Colin Morris, Jackson, Tennessee, for the appellant, Andre Jabbar Johnson.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; Jerry Woodall, District Attorney General; and Brian Gilliam, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Background

In April 2009, a Madison County grand jury indicted the defendant, Andre Jabbar Johnson, for resisting arrest, a Class B misdemeanor.  The record indicates that a trial jury found him guilty as charged but does not include a transcript of the trial.  We glean from the

sparse record[1] before us that police officers came to the defendant's house in the course of a search for an armed robbery suspect. When the defendant would not allow the officers into his home, the officers determined that it was necessary to detain the defendant. He became belligerent, and the officers resorted to using a chemical weapon to subdue him. Apparently, however, the defendant testified at trial that he complied with the police.

The trial court held a sentencing hearing on October 5, 2009. The state submitted the defendant's presentence report, and the court admitted it as evidence. The defendant testified that he disagreed with the jury verdict. He further testified that he had two children who lived with him and that he was currently employed as a property manager at an apartment complex. The defendant said that he had been gainfully employed since he was eighteen years old. The defendant admitted that he had a reckless homicide conviction, for which he had received three years of intensive probation.

Concerning enhancement factors, the trial court found that the defendant had a history of criminal convictions, which included the Class D felony, reckless homicide, as well as theft under $500, a Class A misdemeanor, and several traffic violations. The court further found that the defendant previously had not complied with a sentence involving release into the community because the defendant was convicted of theft of property under $500 while on probation for the reckless homicide. The court stated that it placed great weight on both factors. In mitigation, the court considered that the defendant supported a family, was gainfully employed, and had obtained his GED, but the court placed little weight on the mitigating factors.

The trial court denied the defendant's request for probation or alternative sentencing after finding that the defendant was untruthful during his testimony at trial and had a history of not complying with probation, both of which reflected poorly on the defendant's potential for rehabilitation. The court further found that a period of incarceration was necessary as a deterrent.

The trial court ordered that the defendant serve six months in the county jail, with a release eligibility of 75%.

**Analysis**

On appeal, the defendant contends that his sentence is excessive. Specifically, he argues that the trial court did not properly weigh the mitigation factors against the

[1] The record includes the affidavit of complaint, the indictment, a transcript of the sentencing hearing, and the defendant's presentence report.

enhancement factors. As noted previously, the defendant did not include a transcript of the trial proceedings in the appellate record.

A defendant who challenges his or her sentence has the burden of proving the sentence imposed by the trial court is improper. Tenn. Code Ann. § 40-35-401, Sentencing Comm'n Comments; *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). It is this court's duty to conduct a *de novo* review of the record with a presumption the trial court's determinations are correct when a defendant appeals the length, range, or manner of service of his or her sentence. Tenn. Code Ann. § 40-35-401(d). The presumption of correctness is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances. *State v. Pettus*, 986 S.W.2d 540, 543-44 (Tenn. 1999).

The facts and circumstances of the offense were important to the trial court's sentencing determinations; however, the transcript of the trial is absent from the record. Because we deem the testimony presented at trial to be essential to the determination of the issue presented, our proper course of action is to *sua sponte* presume the trial court's decision is correct. *See State v. Keen*, 996 S.W.2d 842, 844 (Tenn. Crim. App. 1999). It is the duty of the accused to provide a record which conveys a fair, accurate and complete account of what transpired with regard to the issues which form the basis of the appeal. Tenn. R. App. P. 24(b); *see State v. Taylor*, 992 S.W.2d 941, 944 (Tenn. 1999). By failing to produce an adequate record, the defendant has waived any claim that the conclusions of the trial court are incorrect. *See State v. Ivy*, 868 S.W.2d 724, 728 (Tenn. Crim. App. 1993).

Additionally, the defendant's argument fails on its merits because the 2005 amendments to the sentencing statutes "deleted as grounds for appeal a claim that the trial court did not weigh properly the enhancement and mitigating factors." *See State v. Carter*, 254 S.W.3d 335, 344 (Tenn. 2008). A defendant may appeal based on grounds that the sentence is excessive under the sentencing considerations set out in Tennessee Code Annotated sections 40-35-103 and 40-35-210 or that the sentence is inconsistent with the purposes of the sentencing act set forth in sections 40-35-102 and -103. *Id.*; Tenn. Code Ann. § 40-35-210(b)(2). This court is "bound by a trial court's decision as to the length of the sentence imposed so long as it is imposed in a manner consistent with the purposes and principles set out in sections -102 and -103 of the Sentencing Act." *Carter*, 254 S.W.3d at 346. The presumption that the trial court's determinations are correct fails if the record does not support the trial court's findings, if the trial court applied inappropriate enhancement or mitigation factors, or if the trial court did not follow the sentencing act. *Id.* at 344-45.

In this case, the trial court found two enhancement factors and three mitigation factors. The defendant argues that the trial court failed to properly balance the factors.

However, he has failed to show that the trial court did not follow statutory sentencing procedures or guidelines. The trial court heard evidence regarding enhancement and mitigation factors and placed its findings on the record. The sparse appellate record does not preponderate against the trial court's findings. Therefore, we conclude that the defendant's argument is without merit.

## Conclusion

Based on the foregoing reasons, we affirm the judgment of the trial court.

_____
J.C. McLIN, JUDGE