IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

DECEMBER 1998 SESSION

FILED

January 19, 1999

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | C.C.A. NO. 01C01-9802-CR-00074 |
| Appellee, | ) | |
| | ) | SUMNER COUNTY |
| VS. | ) | |
| | ) | HON. JANE WHEATCRAFT, |
| RICKY DALE KEEN, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Sentencing) |

FOR THE APPELLANT:                    FOR THE APPELLEE:


DAVID DOYLE                           JOHN KNOX WALKUP
District Public Defender              Attorney General & Reporter

ZOE LAAKSO                            CLINTON J. MORGAN
Asst. District Public Defender        Asst. Attorney General
117 East Main St.                     John Sevier Bldg.
Gallatin, TN 37066                    425 Fifth Ave., North
                                      Nashville, TN  37243-0493

                                      LAWRENCE RAY WHITLEY
                                      District Attorney General

                                      SALLIE WADE BROWN
                                      Asst. District Attomey General
                                      113 West Main St.
                                      Gallatin, TN 37066

OPINION FILED:_____


AFFIRMED


JOHN H. PEAY,
Judge

**O P I N I O N**

In November 1997, the defendant pled guilty to aggravated burglary, a Class C felony. A sentencing hearing was scheduled to determine the length and manner of service of the sentence. After receiving evidence, the trial court applied four statutory enhancing factors and one mitigating factor, but declined to apply several other mitigating factors submitted by the defendant. Based on its findings, the trial court sentenced the defendant as a Range I standard offender to the Department of Correction for six years, the maximum sentence. See T.C.A. § 40-35-112(a)(3).

The defendant now appeals, challenging his sentence. Specifically, the defendant challenges the length of his sentence, arguing that the trial court erroneously applied enhancing factor T.C.A. § 40-35-114(3), that the offense involved more than one victim; that the trial court erred in failing to apply the mitigating factors he submitted for consideration; and that the trial court failed to comply with the requirement that it articulate how the mitigating and enhancing factors were balanced in determining the sentence. The defendant also argues that the trial court erred in refusing to sentence him to community corrections and in admitting evidence of charges pending against him.

When a defendant challenges his or her sentence, this Court conducts a de novo review of the sentence by considering, inter alia, the evidence received at trial and the nature and characteristics of the criminal conduct. See T.C.A. § 40-35-210. For those defendants who plead guilty, the guilty plea hearing is the equivalent of trial, in that it allows the State the opportunity to present the facts underlying the offense. See State v. Robert Bryant Rhodes, No. 03C01-9405-CR-00174, Blount County (Tenn. Crim. App. filed July 20, 1995, at Knoxville). For this reason, a transcript of the guilty plea hearing is often (if not always) needed in order to conduct a proper review of the sentence imposed.

2

Here, the record on appeal is quite bare, containing only the original and amended judgment forms, the notice of appeal and related documents, the sentencing hearing transcript, and the sentencing hearing exhibits, which include the presentence report. The record on appeal does not contain a transcript of the guilty plea hearing or even a copy of the indictment in this case. Some of the basic facts underlying the aggravated burglary appear in the sentencing hearing transcript and the presentence report,[1] but these facts are not enough to properly review the sentence in this case. In determining the defendant's sentence, the trial court relied substantially upon the nature of the offense, enhancing the defendant's sentence because it found the offense "involved more than one victim . . . the offense involved a victim and was committed to gratify the defendant's desire for pleasure or excitement . . . [and] the defendant had no hesitation about committing a crime when the risk to human life was high."[2] See T.C.A. § 40-35-114(3), (7), (10). Because of this, the fact that the record is incomplete---the most notable absences being the guilty plea hearing transcript and the indictment---requires us to presume that had all of the evidence considered by the trial court been included in the record on appeal, it would have supported the imposition of a six year sentence. State v. Oody, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991)(stating that when necessary parts of the record are missing on appeal, this Court must presume that the trial court's decision was correct).

We note that in his reply brief, the defendant argued that because the State failed to separately designate additional portions of the record it believed to be necessary

---

[1]In essence, on May 29, 1997, three days after being released from jail on an unrelated charge, the defendant entered a home while the homeowner was away for the purpose of learning its lay-out and later returning. Two days later, the defendant re-entered the home while four people inside were sleeping for the purpose of masturbating while watching a woman sleep, an activity which, it seems, was a habit of the defendant. When one of the people awakened and saw the defendant, he left. Apparently, the defendant was charged with separate counts of aggravated burglary for each time he entered the home, but one of the counts was dismissed when he pled guilty. Because the record on appeal does not contain the indictment or the guilty plea hearing transcript, however, we cannot determine for certain which count the defendant pled to and which count was dismissed.

[2]The trial court also enhanced the defendant's sentence because it found that the defendant had "a previous history of criminal convictions or criminal behavior." See T.C.A. § 40-35-114(1).

for full review of the issues presented on appeal, as provided for in T.R.A.P. 24(a), the State should be precluded from arguing that an incomplete record bars review of the defendant's sentence. Such an argument is disingenuous. Regardless of whether the State argues that an incomplete record bars review of the defendant's sentence---or whether the State may have somehow waived this argument under T.R.A.P. 24(a)---this Court will not speculate what the missing portions of the record may or may not reveal. Instead, the proper course of action is for this Court to <u>sua</u> <u>sponte</u> presume that the trial court's decision is correct when the record is insufficient to determine otherwise. In this case, the incomplete nature of the record requires us to presume that a six year sentence was justified in this case.

Nevertheless, despite the incomplete record, the record on appeal is sufficient to determine that the trial court did not err in sentencing the defendant to prison rather than community corrections. A felon's rehabilitation potential and the risk of repeating criminal conduct are fundamental in determining whether he or she is suited for alternative sentencing. <u>See</u> T.C.A. § 40-35-103(5). Here, the thirty-five-year-old defendant has been previously convicted of seven felonies and several misdemeanors. Twice he has violated imposed terms of probation, and when he committed the offense in this case, he had been released from jail on an unrelated charge for only three days. Even though the defendant argues otherwise, these facts show a poor potential for rehabilitation, which is sufficient reason to justify a term of incarceration rather than alternative sentencing. <u>See</u> <u>State v. Zeolia</u>, 928 S.W.2d 457, 463 (Tenn. Crim. App. 1996).

The defendant also argues the trial court erred in admitting evidence that the defendant committed similar crimes three months after his arrest in this case. At the time of the sentencing hearing, the defendant had been arrested for two other aggravated burglaries and an attempted rape, but preliminary hearings had not yet been held.

4

Nevertheless, the trial court admitted the testimony of three alleged victims, who described circumstances similar to the facts underlying the instant case, and the testimony of the police officer investigating those cases, who stated the defendant had confessed. The trial court reiterated that this evidence was admitted not for consideration as an enhancing factor, but rather, solely for the limited purpose of evaluating the defendant's potential for rehabilitation in terms of whether placement in the community corrections program was appropriate. Given this, even it was error to admit this evidence of subsequent crimes, any error must be deemed harmless since, as we have determined, the record contains sufficient independent evidence to justify imposing a term of incarceration rather than community corrections.

In sum, we conclude the record is incomplete to conduct a proper de novo review of the defendant's sentence. As such, we presume that the imposition of a six year sentence was proper. Based on the record that was presented to this Court, however, the trial court did not err in denying the defendant placement in the community corrections program. The trial court's judgment is, in all respects, affirmed.

_____
JOHN H. PEAY, Judge

CONCUR:

_____
JOSEPH M. TIPTON, Judge

_____
NORMA McGEE OGLE, Judge