IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

## STATE OF TENNESSEE v. CHRISTOPHER JEROME HENDERSON

**Criminal Court for Lauderdale County**
**No. 6721**

---

**No. W1999-00958-CCA-R3-CD - Decided July 11, 2000**

---

### ORDER

Defendant appeals the trial court's denial of judicial diversion and full probation following his guilty plea to possession of cocaine under 0.5 grams with intent to deliver and possession of drug paraphernalia. We affirm the judgment of the trial court pursuant to Rule 20, Tennessee Court of Criminal Appeals.

Defendant was indicted by the Lauderdale County Grand Jury for possession of cocaine <u>over</u> 0.5 grams with intent to deliver, a Class B felony, and unlawful possession of drug paraphernalia, a Class A misdemeanor. Pursuant to a plea agreement, defendant was allowed to plead guilty to the reduced charge of possession of cocaine <u>under</u> 0.5 grams with intent to deliver, a Class C felony, and unlawful possession of drug paraphernalia. Sentencing was left to the determination of the trial court. The trial court ordered an effective sentence of three years with no confinement, eight months to be served on community corrections, and the balance to be served on supervised probation. Defendant contends in this appeal he should have been placed on judicial diversion or, in the alternative, should have received full probation.

We first note that although the record does contain the sentencing hearing transcript, it does not contain a transcript of the guilty plea. The circumstances of the offense are important in sentencing and are generally set forth at the guilty plea. In the absence of a guilty plea transcript, we presume that the trial court's sentencing decision was correct. *See* <u>State v. Keen</u>, 996 S.W.2d 842, 844 (Tenn. Crim. App. 1999).

Nevertheless, we have been able to glean some facts from the record before us. The defendant admitted selling drugs out of his residence for four or five months. The defendant's young son resided with him. Defendant was not a user of drugs but decided to become a seller strictly to make money. The search of his residence yielded over 10 grams of cocaine, separately packaged, and various scales. The defendant testified that he purchased drugs in Memphis from unknown sellers and sold drugs in Lauderdale County to unknown buyers. Defendant had prior convictions for disorderly conduct, driving on a suspended license and numerous other traffic offenses. In contrast, several witnesses testified as to defendant's good character and potential for rehabilitation.

The trial court imposed no jail time, placed the defendant on community corrections for eight months, and required the balance of the three-year sentence to be served on supervised probation. At issue is whether the trial court erred by denying judicial diversion and full probation. We can only conclude the trial court did not err in denying judicial diversion and full probation under all the facts and circumstances.

Concluding there is no error of law requiring a reversal and a full opinion would have no precedential value, we affirm the judgment of the trial court pursuant to Rule 20, Tennessee Court of Criminal Appeals. This matter is remanded to the Criminal Court of Lauderdale County for execution of the judgment of that court and for the collection of costs. Costs are taxed to the appellant, Christopher Jerome Henderson. SO ORDERED. ENTER:

_____
**JOE G. RILEY, JUDGE**

**CONCUR:**

_____
**JOSEPH M. TIPTON, JUDGE**

_____
**JOHN EVERETT WILLIAMS, JUDGE**