IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 24, 2002

## STATE OF TENNESSEE v. JACK DEFOREST BOLDEN

**Direct Appeal from the Criminal Court for Knox County**
**Nos. 68293, 71538      Richard R. Baumgartner, Judge**

---

**No. E2001-02846-CCA-R3-CD**
**August 9, 2002**

---

The defendant entered a guilty plea to Class D felony forgery and Class D felony theft for an agreed effective six-year sentence with the issue of alternative sentencing to be determined by the trial court. The trial court denied alternative sentencing. On appeal, the defendant contests the denial of community corrections. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOE G. RILEY, J., delivered the opinion of the court, in which DAVID H. WELLES and JERRY L. SMITH, JJ., joined.

Mark E. Stephens, District Public Defender; and Randall J. Kilby, Assistant District Public Defender, for the appellant, Jack Deforest Bolden.

Paul G. Summers, Attorney General and Reporter; David H. Findley, Assistant Attorney General; Randall Eugene Nichols, District Attorney General; and William J. Blevins, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On June 1, 2000, the defendant pled guilty to Class D forgery over $1,000 as a Range II offender for an agreed six-year sentence with the issue of alternative sentencing left to the discretion of the trial court. The defendant failed to appear at the sentencing hearing on July 14, 2000, and the trial court issued a warrant for his arrest. On November 1, 2000, the Knox County Grand Jury returned another indictment against the defendant alleging one count of Class D theft over $1,000. On December 7, 2000, the trial court issued an arrest warrant for the defendant's failure to attend his arraignment. The defendant subsequently pled guilty as charged to the new offense as a Range II offender for an agreed six-year sentence with the issue of alternative sentencing to be determined by the trial court. The trial court, at the sentencing hearing for both cases, denied alternative

sentencing. The defendant offered no proof at the sentencing hearing. The defendant now contends the trial court should have placed him on community corrections.

The record before this court does not contain a transcript of the guilty plea. In order to conduct an effective appellate review of sentencing, a transcript of the guilty plea hearing is necessary. State v. Keen, 996 S.W.2d 842, 844 (Tenn. Crim. App. 1999). The transcript of the guilty plea is ordinarily necessary in order for this court to ascertain the facts and circumstances surrounding the offense. Indeed, the guilty plea hearing is the equivalent of a trial. *Id*. at 843. In the absence of a transcript of a guilty plea, this court must generally conclude that the sentence imposed by the trial court was correct. *Id*. at 844. Regardless, the defendant is not entitled to relief.

A defendant who challenges his sentence has the burden of proving the sentence imposed by the trial court is improper. Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments; State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). It is this court's duty to conduct a *de novo* review of the record with a presumption the trial court's determinations are correct when a defendant appeals the length, range, or manner of service of his sentence. Tenn. Code Ann. § 40-35-401(d). The presumption of correctness is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances. State v. Pettus, 986 S.W.2d 540, 543-44 (Tenn. 1999).

Since the defendant was sentenced as a Range II multiple offender, he was not entitled to the statutory presumption favoring alternative sentencing. *See* Tenn. Code Ann. § 40-35-102(6). Moreover, although the record is scant, it establishes the defendant had a long criminal history "going back 20 years;" he had three prior parole revocations; he committed new offenses shortly after being released from prison in 1998; and he twice failed to appear on scheduled court dates for the instant offenses. The community corrections report states the defendant "does not appear to be appropriate for placement on the [community corrections program]." The above circumstances are clearly sufficient to justify the trial court's denial of community corrections in this case. *See* Tenn. Code Ann. § 40-35-103(1)(A),(C).

We affirm the judgment of the trial court.

_____
JOE G. RILEY, JUDGE