IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs July 9, 2002

## STATE OF TENNESSEE v. RONALD DOTSON

**Direct Appeal from the Criminal Court for Shelby County**
**No. 99-12263     Joseph B. Dailey, Judge**

—————————

**No. W2001-02548-CCA-MR3-CD  - Filed October 29, 2002**

—————————

The defendant appeals his sentence of life imprisonment without parole as a repeat violent offender because he was not tried within 180 days of arraignment.  Because the defendant did not prove that he suffered prejudice from the delay in bringing his case to trial, we affirm the decision of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ALAN E. GLENN, JJ., joined.

A C Wharton, Jr., District Public Defender; W. Mark Ward and Russell White, Assistant Public Defenders, for the appellant, Ronald Dotson.

Paul G. Summers, Attorney General and Reporter; Braden H. Boucek, Assistant Attorney General; William L. Gibbons, District Attorney General; and Jennifer S. Nichols, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The defendant, Ronald Dotson, appeals his sentence of life without parole as a repeat violent offender. See Tenn. Code Ann. § 40-35-120.  The defendant contends that he could not be sentenced as a repeat violent offender because he was not tried within 180 days of arraignment.  We disagree.

## I.  Facts

On October 28, 1999, the defendant was indicted for the September 2, 1998, aggravated robbery of the David's Food Store in Memphis owned by Kim Doan.  On November 4, 1999, the defendant was arraigned.  On February 9, 2000, the State served the defendant notice of his status as a repeat offender.  The defendant was tried and found guilty of aggravated robbery by a jury on

June 20-21, 2001.  A sentencing hearing was held on July 20, 2001.  After finding the defendant to be a repeat violent offender, the trial court imposed the only available sentence, life without the possibility of parole.

The defendant does not dispute the sufficiency of evidence of the charge of aggravated robbery.  At trial, the State introduced the victim's testimony, a videotape of the robbery, and the defendant's confession.  The defendant does not allege any prejudice.

## II.  Analysis

The defendant argues that he should not have been sentenced as a repeat violent offender because he was not tried within 180 days of his arraignment.  The defendant relies upon the language in Tennessee Code Annotated section 40-35-120(i)(1) that a repeat violent offender shall be tried within 180 days of the arraignment on the indictment pursuant to Rule 10 of the Rules of Criminal Procedure. The defendant was arraigned on November 4, 1999, and was held in custody for one and one-half years before being tried on July 20-21, 2001.   The defendant does not argue that he was prejudiced by the length of his custody but argues that the language of the statute should be construed, literally, to prohibit sentencing under the Repeat Violent Offender Act, absent compliance with the 180-day rule.

The State argues that the defendant waived his issue because the record is incomplete.  The State contends that the defendant did not include proof of the date of his arraignment or a copy of the State's notice of the defendant's status as a repeat violent offender in the technical record.  It is well established that the appellant has a "duty to prepare a record which conveys a fair, accurate and complete account of what transpired with respect to the issues forming the basis of the appeal." State v. Ballard, 855 S.W.2d 557, 560 (Tenn. 1993).  If the appellate record is inadequate for review, this Court must presume that the trial court ruled correctly.  State v. Keen, 996 S.W.2d 842, 844 (Tenn. Crim. App. 1999).

We conclude that the defendant did include adequate proof of the arraignment date being November 4, 1999.  Such proof is found in the document titled, Order, which both states that the defendant appeared in open court on arraignment and is signed by the trial judge and the clerk of the court.

The  requirements of Tennessee Code Annotated section 40-35-120(i)(1997) provide:
> A charge as a repeat violent offender shall be tried within one hundred eighty (180) days of the arraignment on the indictment pursuant to Rule 10 of the Rules of Criminal Procedure unless delay is caused by:
> (A) The defendant;
> (B) An examination for competency;
> (C) A competency hearing;
> (D) An adjudication of incompetency for trial;
> (E) A continuance allowed after a court's determination of the defendant's

physical incapacity for a trial; or

(F) An interlocutory appeal. A continuance may be granted to any party,
including the court, for good cause shown.

The defendant, however, does not allege prejudice as a result of any delay. This Court has held that the 180-day rule is not an iron clad rule to be construed in favor of the defendant. See State v. Thompson, 36 S.W.3d 102 (Tenn. Crim. App. 2000). Therefore, the defendant, absent a showing of prejudice, may be sentenced as a repeat violent offender even though he was not tried within 180 days of his arraignment.

### III. Conclusion

Accordingly, we affirm the decision of the trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE