IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 11, 2005

## STATE OF TENNESSEE v. WANDA JOYCE DRAKE

**Direct Appeal from the Circuit Court for Cannon County**
**No. F04-57A     J.S. Daniel, Judge**

_____

**No. M2004-02339-CCA-R3-CD - Filed August 4, 2005**

_____

The appellant, Wanda Joyce Drake, pled guilty in the Cannon County Circuit Court to conspiracy to manufacture methamphetamine, possession of a weapon during a felony, and possession of methamphetamine. The appellant received a total effective sentence of two years incarceration in the Tennessee Department of Correction. On appeal, the appellant argues that the trial court erred in denying probation. Upon our review of the record and the parties' briefs, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court are Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which ALAN E. GLENN and ROBERT W. WEDEMEYER, JJ., joined.

John W. Price, Murfreesboro, Tennessee, for the appellant, Wanda Joyce Drake.

Paul G. Summers, Attorney General and Reporter; Rachel E. Willis, Assistant Attorney General; William C. Whitesell, Jr., District Attorney General; and David Puckett, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Because a transcript of the appellant's guilty plea hearing was not included in the record for our review, we have gleaned the facts underlying her convictions from the presentence report.

> Cannon Co. records reflect that on 3-29-04, Sgt. Deffendoll received information from a store owner regarding a female subject who had purchased a large quantity of matches. The subject was driving a blue/silver S-10 pick-up truck, license #PUV-032. The vehicle was reported to be traveling toward Woodbury on Highway 53. Sgt. Deffendoll located the vehicle traveling north on Highway

53. The vehicle turned into the Dollar Store and two female subjects exited the vehicle and went inside the store.

Sgt. Deffendoll initiated a traffic stop on the vehicle as it left the Dollar Store parking lot. The vehicle turned into Fred's. The occupants exited the vehicle and came toward the patrol car. Sgt. Deffendoll spoke with the driver of the vehicle, Wanda Drake. Ms. Drake was asked for her driver's license. She was also asked if there was anything in the vehicle that should not be there. Ms. Drake stated that there was a loaded gun the in the glove box. When asked if she had a permit to carry a weapon, Ms. Drake stated "No I don't need one." She was then placed under arrest for carrying a weapon for the purpose of going armed.

A search of the vehicle revealed a case of matches, a gallon of iodine, a pint of iodine and 23 boxes of Sudafed. All of the items are used in the manufacturing of methamphetamine. All of the items were found in the front seat floor of the 1991 Chevy S-10 pickup truck. Sgt. Deffendoll searched the vehicle. The passenger of the truck, Annette Hobbs, stated "I don't know what is in there." Ms. Drake stated "The gun is mine" "I don't know where the other stuff came from."

Ms. Drake and Ms. Hobbs were transported to the Cannon County Sheriff's Dept. A search of Ms. Drake's purse revealed a small bag of a white powdery substance believed to be methamphetamine. A search of Ms. Hobbs' purse revealed a glass tube used for smoking methamphetamine.

Subsequent to her arrest, the appellant pled guilty to conspiracy to manufacture methamphetamine, a Class D felony; possession of a weapon during a felony, a Class E felony; and possession of methamphetamine, a Class A misdemeanor. The plea agreement provided that the appellant would receive a two year sentence for the conspiracy conviction, a one year sentence for the possession of a weapon conviction, and an eleven month and twenty-nine day sentence for the possession of methamphetamine conviction. The sentences were ordered to run concurrently for a total effective sentence of two years.

A sentencing hearing was held to determine the manner of service of the appellant's sentence. The appellant sought a probationary sentence. At the hearing, Tara Cannon testified that she had prepared the appellant's presentence report. Cannon noted that the fifty-nine-year-old appellant was receiving extensive medical treatment for psychiatric and physical conditions. The appellant had been totally disabled since 1989. The appellant told Cannon that she was sorry for committing the offenses, and she acknowledged the destructive nature of drugs. The appellant denied ever using

illegal substances, including methamphetamine, cocaine, or marijuana. However, Cannon asserted that the appellant told officers who arrested her that she had used methamphetamine a few days prior to her arrest.

Detective Charles Wilder with the Cannon County Sheriff's Department testified that the appellant had three precursors to the manufacture of methamphetamine in her possession, namely ephedrine, iodine, and red phosphorus. In her statement to police, the appellant admitted that she had the materials for manufacturing methamphetamine. She had been asked to deliver the items to other people who would manufacture the methamphetamine. The appellant was going to assist by taking the "striker plates" from the match boxes to extract red phosphorus.

Detective Wilder also testified that methamphetamine was a problem of "horrific proportions" in Cannon County. He stated that the police department caseload was

> just covered up with methamphetamine. Our county is plagued with home burglaries. Many of the items that come from these home burglaries have been found in meth labs or on people's persons that have been arrested for possession of methamphetamine.
>
> And we are seeing every day that the manufacture of meth, the selling, the use of meth is leading to other crimes. And it's creating more victims than just the person who is using the drug.

At the conclusion of the hearing, the trial court found that the appellant had a prior criminal history, including a previous conviction for possession of drugs. Additionally, the trial court remarked that the appellant "made a misstatement, unexplained at this point, between her official version of how this occurred and her denial of the use of drugs and then what she said to the officer. And that impairs my ability to believe that she's a good candidate." The trial court denied the appellant probation and ordered her to serve her sentence in confinement. The appellant now appeals the trial court's denial of probation.

## II. Analysis

Appellate review of the length, range or manner of service of a sentence is de novo. See Tenn. Code Ann. § 40-35-401(d) (2003). In conducting its de novo review, this court considers the following factors: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on enhancement and mitigating factors; (6) any statement by the appellant in her own behalf; and (7) the potential for rehabilitation or treatment. See Tenn. Code Ann. §§ 40-35-102, -103, -210 (2003); see also State v. Ashby, 823 S.W.2d 166, 168 (Tenn. 1991). The burden is on the appellant to demonstrate the impropriety of her sentences. See Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments. In the instant case, the record reveals that the trial court

adequately considered sentencing principles and all relevant facts and circumstances; accordingly, this court will review the trial court's rulings de novo with a presumption of correctness. Id. at (d); Ashby, 823 S.W.2d at 169.

Initially, we recognize that an appellant is eligible for alternative sentencing if the sentence actually imposed is eight years or less. See Tenn. Code Ann. § 40-35-303(a) (2003). Moreover, an appellant who is an especially mitigated or standard offender convicted of a Class C, D, or E felony is presumed to be a favorable candidate for alternative sentencing. See Tenn. Code Ann. § 40-35-102(6). In the instant case, the appellant is a standard Range I offender convicted of a Class D felony and a Class E felony; therefore, she is presumed to be a favorable candidate for alternative sentencing.[1] However, this presumption may be rebutted by "evidence to the contrary." State v. Zeolia, 928 S.W.2d 457, 461 (Tenn. Crim. App. 1996). The following sentencing considerations, set forth in Tennessee Code Annotated section 40-35-103(1), may constitute "evidence to the contrary":

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
>
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
>
> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

Zeolia, 928 S.W.2d at 461. Additionally, the "potential or lack of potential for the rehabilitation or treatment of the defendant should be considered in determining the sentence alternative or length of a term to be imposed." Tenn. Code Ann. § 40-35-103(5).

As we previously noted, one of the considerations in our de novo review is the nature and characteristics of the criminal conduct involved. However, the appellant has failed to include the transcript of the guilty plea hearing in the record for our review. This court has previously noted,

> For those defendants who plead guilty, the guilty plea hearing is the equivalent of trial, in that it allows the State the opportunity to present the facts underlying the offense. For this reason, a transcript of the guilty plea hearing is often (if not always) needed in order to conduct a proper review of the sentence imposed.

---

[1] We note that, while the appellant is entitled to a presumption in favor of probation in relation to her felony convictions, she is entitled to no such presumption regarding her misdemeanor sentence. See State v. Williams, 914 S.W.2d 940, 949 (Tenn. Crim. App. 1995).

State v. Keen, 996 S.W.2d 842, 843 (Tenn. Crim. App. 1999). Accordingly, the appellant's "failure to include the transcript of the guilty plea hearing in the record prohibits the court's conducting a full *de novo* review of the sentence under [Tennessee Code Annotated section] 40-35-210(b)." State v. Shatha Litisser Jones, No. W2002-02697-CCA-R3-CD, 2003 WL 21644345, at *3 (Tenn. Crim. App. at Jackson, July 14, 2003). Regardless, from the testimony at the sentencing hearing, we conclude that the trial court did not err in denying the appellant probation.

In denying the appellant probation, the trial court found that the appellant had a long history of criminal conduct. The appellant's presentence report reflects that the appellant has four convictions for misdemeanor theft, two convictions for driving under the influence, and a conviction for possession of marijuana. We conclude that this is sufficient criminal history to overcome the presumption in favor of alternative sentencing. Additionally, the record supports the trial court's finding that the appellant's lack of candor regarding her history of drug usage reflected poorly upon her potential for rehabilitation. See State v. Dowdy, 894 S.W.2d 301, 306 (Tenn. Crim. App. 1994). Therefore, the trial court did not err in denying the appellant probation.

### III.  Conclusion

Finding no error, we affirm the judgment of the trial court.

_____
NORMA McGEE OGLE, JUDGE