IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
March 6, 2007 Session

## STATE OF TENNESSEE v. DAVID CLAYBROOK

**Appeal from the Circuit Court for Lauderdale County**
**No. 7930   Joseph H. Walker, III, Judge**

_____

**No. W2006-01510-CCA-R3-CD  - Filed November 7, 2007**

_____

Appellant, David Claybrook, pled guilty to felony reckless endangerment. Appellant sought judicial diversion from the trial court. At the sentencing hearing, the trial court denied judicial diversion on the basis that Appellant's crime involved the use of a handgun and resulted in injury to the victim. The trial court sentenced Appellant to one year, but suspended all but thirty days of the sentence, ordering the remainder of the sentence to be served on supervised probation. Appellant argues on appeal that the trial court improperly denied judicial diversion. Because the transcript of the guilty plea hearing is not in the record on appeal, we must presume the judgment of the trial court was correct. Therefore, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID G. HAYES, and ALAN E. GLENN, JJ., joined.

Rebecca S. Mills, Ripley, Tennessee, for the appellant, David Claybrook.

Robert E. Cooper, Jr., Attorney General and Reporter; J. Ross Dyer, Assistant Attorney General; Elizabeth Rice, District Attorney General; and J. Ross Dyer, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

_Factual Background_

On February 6, 2006, the Lauderdale County Grand Jury returned a two count indictment against Appellant, charging him with aggravated assault and felony reckless endangerment. On May 31, 2006, Appellant pled guilty to felony reckless endangerment with the length and manner of

service of the sentence to be determined by the trial court. On June 5, 2006, Appellant filed a petition for alternative sentencing in which he requested judicial diversion.

According to the presentence report prepared prior to the sentencing hearing, the "official version" of the facts is as follows:

On July 9, 2005, Officer Richard Buntin received a call from Lauderdale County dispatch concerning a fight with shots fired at the Jamaica Club[1] located at 1515 Brogdon Road. As Officer Buntin was traveling north on Brogdon Road en route to the Jamaica Club, he was flagged down by two women in a car traveling south on Brogdon Road. [The victim] told Officer Buntin that she had been shot at the Jamaica Club. The dispatcher then advised that the person that did the shooting was traveling south from the club. Officer Buntin did stop a white Pontiac on Brogdon Road and found the driver to be [Appellant]. On July 10, 2005, [Appellant] did give a written statement [that] he did shoot a weapon at the club in the air. One .9 mm shell casing [was] found in the parking lot at the Jamaica Club. [Appellant] also stated when he left the club he did throw the weapon out the window when he saw Officer Buntin. Victim, Rashida Bostic, received minor gunshot injury to her left upper arm.

The victim, Rashida Bostic, submitted a statement to the police on July 18, 2005. According to Ms. Bostic:

On July 9, 2005, at about 11:25 p.m. my friend Latonia and I were riding through the Jamaica Club when some guys started fighting on top of my car. I started blowing the horn trying to get them to move, it was about 12 boys on 2 guys. I seen [sic] some people ducked down in front of my car then me and my friend ducked down that's when I felt some pressure on my arm. We heard a loud bang before that. And my arm was burning. So my friend just told me to floor it and get out of there and so when all the people had finally moved away from in front of my vehicle I started driving real fast. And that's when I told my friend that I had been shot. She made me pull over, and she started to drive. Down the road, we saw a policeman coming our way and we flagged him down.

Appellant claimed that he was "sitting in the club" when a "mob of men" attacked him. He fell back to his car and saw someone "throw down a gun." At that pointed he picked it up and "shoot [sic] up in the air to clear the crowd away from me." Appellant claimed that he "did not mean to hit anyone" and that he was "just shooting in the air." Appellant threw the gun away as he left the club. At the sentencing hearing, Appellant expressed remorse for the incident and informed the trial court that he had apologized to the victim, fixed the windshield of her car that was damaged by the bullet and offered to pay any remaining restitution that the trial court ordered as part of his sentence.

---

[1] At the sentencing hearing, Appellant testified that the name of the club was "Chocolate City."

At the conclusion of the sentencing hearing, the trial court denied judicial diversion on the basis that the crime involved a deadly weapon and a victim that sustained injury. Appellant filed a timely notice of appeal. On appeal, he argues that the trial court improperly denied judicial diversion.

*Analysis*

Appellant argues that the trial court improperly denied judicial diversion. Specifically, Appellant argues that his lack of criminal history and clear remorse for the incident make him an ideal candidate for judicial diversion. The State disagrees, arguing that because the record does not contain a transcript of the guilty plea hearing, this Court must presume that the sentence imposed by the trial court was correct. In the alternative, the State contends that the trial court properly denied judicial diversion based on the circumstances of the offense.

As correctly noted by the State, the record before this Court does not contain a transcript of the guilty plea. In order to conduct an effective appellate review of sentencing, a transcript of the guilty plea hearing is necessary. *State v. Robinson*, 139 S.W.3d 661, 664-65 (Tenn. Crim. App. 2004) (citing *State v. Keen*, 996 S.W.2d 842, 844 (Tenn. Crim. App. 1999)). The transcript of the guilty plea is usually necessary in order for this Court to ascertain the facts and circumstances surrounding the offense. Indeed, the guilty plea hearing is the equivalent of a trial. *Keen*, 996 S.W.2d at 843. In the absence of a transcript of a guilty plea, this Court must generally conclude that the sentence imposed by the trial court was correct. *Id*. at 844. In the absence of the guilty plea hearing wherein the Appellant either admitted to the commission of felony reckless endangerment or entered a "best interest plea," we must presume the trial court correctly denied diversion pursuant to T.C.A. § 40-35-313.

*Conclusion*

For the foregoing reasons, the judgment of the trial court is affirmed.

_____
JERRY L. SMITH, JUDGE