# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
December 5, 2006 Session

## STATE OF TENNESSEE v. DUANE LEE RUGGLES

**Direct Appeal from the Circuit Court for Hardin County**
**No. 8473     C. Creed McGinley, Judge**

---

**No. W2006-00514-CCA-R3-CD  - Filed April 3, 2007**

---

Pursuant to a plea agreement, the defendant, Duane Lee Ruggles, pled guilty to aggravated assault and received an agreed-upon sentence of eight years as a Range II offender.  The defendant appeals from the trial court's denial of an alternative sentence.  Because the guilty plea transcript is not contained in this record, we presume the sentence imposed was correct.  We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which DAVID G. HAYES and J.C. McLIN, JJ., joined.

Curtis F. Hopper, Savannah, Tennessee, for the appellant, Duane Lee Ruggles.

Robert E. Cooper, Jr., Attorney General and Reporter; J. Ross Dyer, Assistant Attorney General; Robert G. Radford, District Attorney General; and John W. Overton, Jr., Chief Deputy District Attorney General, for the appellee, State of Tennessee.

## OPINION

This case grew out of an offense where the defendant took the victim to a secluded area, and the defendant became extremely violent. The defendant struck the victim several times and threatened to kill her if she did not perform oral sex on him.  The defendant was originally indicted on two counts of aggravated rape, a Class B felony.  The defendant pled guilty to a reduced charge of aggravated assault, a Class C felony, and agreed to be sentenced as a Range II offender.  Thus, the defendant was not presumed to be a favorable candidate for alternative sentencing. See T.C.A. § 40-35-102(6).

## Analysis

The only issue presented for review is whether the trial court erred in denying the defendant some form of alternative sentencing. We note that the sentencing hearing consisted only of the argument of counsel. No witnesses were presented. The presentence report and the victim's impact statement are exhibits in this record. It is the duty of the accused to provide a record which conveys a fair, accurate, and complete account of what transpired with regard to the issues which form the basis of the appeal. Tenn. R. App. P. 24(b); see State v. Taylor, 992 S.W.2d 941, 944 (Tenn. 1999).

The record before this court does not contain a transcript of the guilty plea. In order to conduct an effective appellate review of sentencing, a transcript of the guilty plea hearing is necessary. State v. Keen, 996 S.W.2d 842, 844 (Tenn. Crim. App. 1999). In order for this court to ascertain the facts and circumstances surrounding the offense, the transcript of the guilty plea is usually necessary. Indeed, the guilty plea hearing is the equivalent of a trial. Id. at 843. In the absence of a transcript of a guilty plea, this court must generally conclude that the sentence imposed by the trial court was correct. Id. at 844.

## Conclusion

Accordingly, we presume the sentence imposed by the trial court was correct and affirm the judgment of the trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE