# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs February 8, 2011

## STATE OF TENNESSEE v. FELIX TAMAYO

### Appeal from the Criminal Court for Davidson County
### No. 2009-B-1946  Cheryl Blackburn, Judge

---

### No. M2010-00800-CCA-R3-CD - Filed May 16, 2011

---

The Defendant, Felix Tamayo, pled guilty to five counts of aggravated robbery, a Class B felony, with the sentence to be determined by the trial court. The trial court imposed consecutive sentences of 12 years as a Range I, standard offender for each count, for a total effective sentence of 60 years. In this appeal as of right, the Defendant contends that the trial court erred in setting the length of his sentences and in ordering consecutive sentencing. Following our review, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court are Affirmed.**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and CAMILLE R. MCMULLEN, JJ., joined.

Manuel Benjamin Russ (at trial) and Michael A. Colavecchio (on appeal), Nashville, Tennessee, for the appellant, Felix Tamayo.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Bret Thomas Gunn, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

According to the presentence report and the sentencing hearing transcript, the Defendant admitted his participation in approximately ten robberies but pled guilty to five aggravated robberies. The three robberies described in the presentence report occurred in February 2009, while the Defendant was on bond for a crime of which he was ultimately convicted. Absent the ten robberies, the Defendant had a criminal history consisting of

convictions for theft of property and a traffic offense, as well as several juvenile offenses.

Mildred Wisdom, a victim of one of the robberies that occurred on February 20, 2009, testified that she was outside of a bowling alley when a person in a passing vehicle asked her and her friend if the bowling alley was open. She stated that they told the two people in the vehicle that the bowling alley was closed. A few minutes later when they were inside their vehicle, the person who spoke to them earlier "put [a gun] to the window and said, '[O]pen the door.'" Her friend, Adam Willis, opened the door, and the person took their belongings.

Terry Cope, a victim of another robbery that also occurred on February 20, 2009, testified that he had walked two women to their vehicle outside of Club Ibiza at approximately 2:00 a.m. when someone hit him from behind with a tire iron. When he looked up, he saw that a person was holding a gun in his face. The person said, "[Y]ou know what this is." Mr. Cope responded by saying, "You can have whatever it is you want." As he was talking to the person, someone was still hitting him from behind. When Mr. Cope gave the person his wallet, the person hit him with the "butt of the gun." While Mr. Cope was surrendering his possessions, the person with the tire iron hit the women with the tire iron and broke the vehicle's window while attempting to take the women's belongings.

The Defendant admitted his participation in the robberies and ownership of the gun used in the robberies. However, the Defendant stated that he did not hit anyone with the gun and that the gun was actually a BB gun. The Defendant admitted that most of the people he robbed were Hispanic and that he chose them because he believed that they would not report the crime if they were in the country illegally.

In setting the length of the Defendant's sentence, the trial court applied the following enhancement factors,

(1) The defendant has a previous history of criminal convictions or criminal behavior, in addition to that necessary to establish the appropriate range;

(2) The defendant was a leader in the commission of an offense involving two (2) or more criminal actors;

(8) The defendant, before trial or sentencing, failed to comply with the conditions of a sentence involving release into the community;

(13) At the time the felony was committed, one (1) or more of the following classifications was applicable to the defendant:
    (A) Released on bail or pretrial release, if the defendant is
    ultimately convicted of the prior misdemeanor or felony;

(17) The defendant intentionally selected the person against whom the crime was committed . . . in whole or in part, because of the defendant's belief or perception regarding the race, religion, color, disability, sexual orientation, national origin, ancestry, or gender of that person . . . .

Tenn. Code Ann. § 40-35-114(1), (2), (8), (13)(A), and (17). The trial court did not apply any statutory mitigating factors but found that the Defendant should be given some credit for admitting his guilt. The trial court found that the enhancement factors outweighed the mitigating factor and sentenced the Defendant to 12 years for each conviction, the maximum sentence allowable in the Defendant's sentencing range. Tenn. Code Ann. § 40-35-114(a)(2). In imposing consecutive sentences, the trial court found that the Defendant's record of criminal activity was extensive and that his behavior indicated "little or no regard for human life and no hesitation about committing a crime in which the risk to human life is high." Tenn. Code Ann. § 40-35-115(b)(2), (4). The trial court also found that the aggregate term of his sentence reasonably related to the severity of the offenses and that confinement was necessary to protect the public from the Defendant's further criminal conduct.

## ANALYSIS

The Defendant contends that the trial court erred in setting the length of his sentences and in ordering consecutive sentences. The State responds that the Defendant has waived review of his sentence because he failed to include the transcript of the guilty plea hearing in the record on appeal. The State alternatively responds that the trial court's sentencing decision is supported by the record.

We agree with the State that the record on appeal does not contain the guilty plea hearing transcript. The absence of the guilty plea hearing transcript is particularly important because

> [f]or those defendants who plead guilty, the guilty plea hearing is the equivalent of trial, in that it allows the State the opportunity to present the facts underlying the offense. For this reason, a transcript of the guilty plea hearing is often (if not always) needed in order to conduct a proper review of the sentence imposed.

State v. Keen, 996 S.W.2d 842, 843-44 (Tenn. Crim. App. 1999) (internal citations omitted). Without the guilty plea hearing transcript, we are unable to conduct a full de novo review of the sentence. Tenn. Code Ann. § 40-35-210(b)(1) (stating that the court should consider the evidence presented at trial when sentencing the defendant). Indeed, the presentence report

only referenced three of the robberies, and only two of the same robberies that were referenced in the presentence report were discussed at the sentencing hearing. It is the Defendant's duty to prepare the record "as is necessary to convey a fair, accurate and complete account of what transpired with respect to those issues which are the bases of appeal." Tenn. R. App. P. 24(b). "Where the record is incomplete and does not contain a transcript of the proceedings relevant to an issue presented for review, or portions of the record upon which the party relies, an appellate court is precluded from considering the issue." State v. Ballard, 855 S.W.2d 557, 560-61 (Tenn. 1993) (citing State v. Roberts, 755 S.W.2d 833, 836 (Tenn. Crim. App. 1988)). "In the absence of an adequate record on appeal, this court must presume that the trial court's rulings were supported by sufficient evidence." State v. Oody, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991) (citing Vermilye v. State, 584 S.W.2d 226, 230 (Tenn. Crim. App. 1979)). Accordingly, we affirm the judgments of the trial court.

## CONCLUSION

In consideration of the foregoing and the record as a whole, the judgments of the trial court are affirmed.

_____
D. KELLY THOMAS, JR., JUDGE

-4-