# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs January 25, 2011

## STATE OF TENNESSEE v. ANNA M. STEWARD

**Appeal from the Circuit Court for Cocke County**
**No. 1851      Ben W. Hooper, II, Judge**

---

**No. E2010-01918-CCA-R3-CD - Filed September 19, 2011**

---

JOSEPH M. TIPTON, P.J., concurring.

I concur in the results reached in the majority opinion. However, I would affirm the trial court because of the Defendant's failure to include the guilty plea hearing transcript in the record and the attendant presumption that the trial court's determinations were correct. See State v. Oody, 823 S.W.2d 554 (Tenn. Crim. App. 1991) (holding trial court's ruling presumed correct in the absence of an adequate record on appeal).

The 1989 Sentencing Act, as amended, requires a sentencing court to consider evidence received at the trial. T.C.A. § 40-35-210(b)(1). Although this section does not specifically mandate that a sentencing court consider evidence or statements presented in a plea submission, the guilty plea hearing is the equivalent of a trial for those defendants who plead guilty and evidence submitted at the hearing should be considered by a sentencing court. See State v. Keen, 996 S.W.2d 842, 843-44 (Tenn. Crim. App. 1999). With a guilty plea involving a felony, the evidence supporting the plea and finding of guilt is usually submitted by proffer or stipulation.

Although the court in Keen determined that the incomplete record was sufficient to support the trial court's ruling, this determination came after it previously stated that "this Court will not speculate what the missing portions of the record may or may not reveal . . . the incomplete nature of the record requires us to presume that a six year sentence was justified in this case." 996 S.W.2d at 844. Whether the subsequent analysis in Keen is dicta or a decision of the case on the merits may present confusion in future proceedings, such as a post-conviction proceeding in which consideration of an issue is barred if the issue was previously determined on the merits by a court of competent jurisdiction. See T.C.A. § 40-30-106(f). Furthermore, like the record in Keen, the record before us in this case contains only some of the basic facts underlying the offense. The facts of the offense are necessary

for this court to conduct a full de novo review of the sentence, especially in light of the trial court's determination that alternative sentencing would depreciate the seriousness of the offense in this case. See T.C.A. § 40-35-210(b)(4) (a sentencing court shall consider the nature and characteristics of the criminal conduct).

This court has considered the guilty plea hearing transcript to be vital to a de novo review and potential resentencing by this court as required by law. See, e.g., State v. Alfred Gettner, No. E2010-00104-CCA-R3-CD, Sullivan County, slip op. at 6 (Tenn. Crim. App. Aug. 19, 2011); State v. Felix Tamayo, No. M2010-00800-CCA-R3-CD, Davidson County, slip op. at 3-4 (Tenn. Crim. App. May 16, 2011); State v. Gary M. Carter, No. M2006-02341-CCA-R3-CD, DeKalb County, slip op. at 4 (Tenn. Crim. App. Feb. 21, 2008); T.C.A. § 40-35-401. No matter how developed a record may appear, we will never know the full extent unless the guilty plea transcript is included. In this regard, I doubt that my colleagues would grant sentencing relief to a defendant who failed to include the guilty plea transcript in the record. I do not believe this court should analyze an incomplete record to determine the merit of a sentencing complaint.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE