# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
Assigned on Briefs April 25, 2012

## STATE OF TENNESSEE v. IAN MICHAEL BOONE PARKS

**Appeal from the Criminal Court for Claiborne County**
**No. 13CC1-2011-CR-985     E. Shayne Sexton, Judge**

_____

**No.  E2011-01951-CCA-R3-CD - Filed September 27, 2012**

_____

Appellant, Ian Michael Boone Parks, was charged by criminal information with one count of aggravated assault in Claiborne County.  Appellant pled guilty, and the trial court held a sentencing hearing.  The trial court sentenced Appellant to a five-year sentence of confinement as a Range I, standard offender.  On appeal, Appellant argues that the sentence imposed by the trial court was not supported by the evidence.  After a thorough review of the record, we have determined that Appellant failed to include both the transcript of the guilty plea and the presentence report.  These documents are necessary for an adequate review of the issues presented.  Because we do not have these documents, we must conclude that the trial court's sentences are supported by the evidence.  Therefore, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and D. KELLY THOMAS, JR., JJ., Joined.

Liddell Kirk, Knoxville, Tennessee, for the appellant, Ian Michael Boone Parks.

Robert E. Cooper, Jr., Attorney General and Reporter, Nicholas W. Spangler, Assistant Attorney General; William P. Phillips, District Attorney General, and Jared Effler, Assistant District Attorney General, for the appellant, State of Tennessee.

# OPINION

## *Factual Background*

Based on the limited record before us, it appears that on the evening of December 18, 2010, Appellant was dealing with emotional issues and drinking. He went to his grandfather's house and took two handguns. His intent was to commit "suicide by cop" whereby Appellant would create a situation where the police would be forced to shoot him.

Appellant arrived at a dormitory on the Lincoln Memorial University Campus. The dormitory had been a motel at one time. Appellant was under the impression that it was still a motel. Ms. Whitney Vannoy and her boyfriend, Stewart Miller, were in Mr. Miller's room at the dormitory in question. At about 10:45 p.m., Ms. Vannoy heard someone pounding on the door of Mr. Miller's room. Mr. Miller looked through the peephole in the door and did not see anyone. Mr. Miller subsequently opened the door and saw a man standing to the side of the door where he was not visible through the peephole. Mr. Miller told Ms. Vannoy to call the police because "someone was trying to get into our room with a gun." Ms. Vannoy called security because she thought they would have quicker access to the police.

Officers arrived shortly thereafter. The officers arrested Appellant in the hallway. In January 2011, Appellant was charged with one count of aggravated assault by criminal information. On April 18, 2011, Appellant pled guilty to one count of aggravated assault. Pursuant to the agreement, the trial court held a sentencing hearing. At the conclusion of the hearing, the trial court sentenced Appellant to five years confinement as a Range I, standard offender.

## **ANALYSIS**

On appeal, Appellant argues that the trial court erred in imposing a sentence of five years. The State argues that Appellant has waived this issue for failure to include the transcript of the guilty plea hearing and a copy of the presentence report. In the alternative, the State argues that the trial court did not err.

As a general rule, a defendant appealing from a trial court bears the burden of preparing the record for appeal. Failure to prepare an adequate record leads to a presumption that the trial court's rulings are correct. *See* Tenn. R. App. P. 24(b); *State v. Oody*, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991).

In cases wherein a defendant pleads guilty, the guilty plea hearing is the equivalent of a trial, and "a transcript of the guilty plea hearing is often (if not always) needed in order to conduct a proper review of the sentence imposed." *State v. Keen*, 996 S.W.2d 842, 843-44 (Tenn. Crim. App. 1999). Appellant has failed to include a copy of the transcript of the guilty plea as well as the presentence report. The trial court stated that it had reviewed the presentence report in determining what sentence to impose. Because the presentence report has not been included in the record, this Court cannot review the application of the enhancement factor based upon a defendant's previous criminal history.

"It is the duty of the appellant to prepare a record which conveys a fair, accurate, and complete account of what trans[pir]ed in the trial court with respect to the issues which form the basis of the appeal." *Oody*, 823 S.W.2d at 559. "In the absence of an adequate record on appeal, this court must presume that the trial court's rulings were supported by sufficient evidence." *Id.* For this reason, we must conclude that the evidence supported the sentence imposed by the trial court.

## CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed.

_____
JERRY L. SMITH, JUDGE