IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 9, 2016

## STATE OF TENNESSEE v. GARNER S. GORDON

**Appeal from the Criminal Court for Davidson County**
**No. 2013-B-1665    Mark Fishburn, Judge**

---

**No. M2015-02123-CCA-R3-CD – Filed February 9, 2016**

---

The defendant, Garner S. Gordon, appeals the revocation of the probationary sentence imposed for his Davidson County Criminal Court conviction of aggravated assault. Discerning no error, we affirm.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which ALAN E. GLENN and ROBERT L. HOLLOWAY, JR., JJ., joined.

Garner S. Gordon, Nashville, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; Glenn R. Funk, District Attorney General; and Vince Wyatt, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On September 10, 2013, the defendant, originally charged with one count each of aggravated assault and interfering with an emergency call, pleaded guilty to one count of aggravated assault, in exchange for dismissal of the second count and an eight-year sentence to be served at 35 percent and on supervised probation. In addition, the defendant was ordered to stay away from the victim, Tammy Martin.

On June 10, 2015, the trial court issued a warrant for the defendant's arrest on the basis that he had violated the terms of his probation by once again being arrested for the aggravated assault of Ms. Martin.

Although no transcript of the revocation hearing appears in the record, the trial court's minutes of August 26, 2015, reflect that the court, following a hearing,

revoked the defendant's probation and ordered that the defendant serve one year of his sentence "then be reinstated to probation and will live at [a] halfway house." The trial court then entered an amended judgment on the same date indicating these changes.

We must first address the defendant's failure to timely file his notice of appeal. In its brief before this court, the State correctly notes that the defendant's October 15, 2015 notice of appeal from the order revoking his probation was not filed within 30 days of the entry of the challenged judgment and is therefore untimely. *See* Tenn. R. App. P. 4(a). The defendant failed to request that we waive the untimely filing. However, in view of the defendant's status as an incarcerated, pro se litigant, we will waive the timely filing requirement in the interest of justice. *See id.*

The accepted appellate standard of review of a probation revocation is abuse of discretion. *See State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001); *see also State v. Reams*, 265 S.W.3d 423, 430 (Tenn. Crim. App. 2007). Generally, "[a] trial court abuses its discretion when it applies incorrect legal standards, reaches an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, or applies reasoning that causes an injustice to the complaining party." *State v. Phelps*, 329 S.W.3d 436, 443 (Tenn. 2010). The 1989 Sentencing Act expresses a burden of proof for revocation cases: "If the trial judge finds that the defendant has violated the conditions of probation and suspension by a preponderance of the evidence, the trial judge shall have the right by order duly entered upon the minutes of the court to revoke the probation and suspension of sentence. . . ." T.C.A. § 40-35-311(e)(1).

Upon a finding by a preponderance of the evidence that the defendant has violated the conditions of probation, the trial court may revoke the defendant's probation and "[c]ause the defendant to commence the execution of the judgment as originally entered, or otherwise in accordance with § 40-35-310." *Id.*; *see also Stamps v. State*, 614 S.W.2d 71, 73 (Tenn. Crim. App. 1980). Following a revocation, "the original judgment so rendered by the trial judge shall be in full force and effect from the date of the revocation of such suspension." *Id.* § 40-35-310.

In the present case, the State correctly points out that the defendant has failed to include a transcript of the revocation hearing. In the absence of a record to review, "this Court must presume that the trial court's decision was correct." *State v. Keen*, 996 S.W.2d 842, 844 (Tenn. Crim. App. 1999) (citing *State v. Oody*, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991)). Because nothing in the record indicates that the trial court abused its discretion, we affirm the order of revocation and the imposition of the amended sentence.

_____
JAMES CURWOOD WITT, JR, JUDGE